David S. WILSON, Petitioner,

v.

STATE of Delaware, Respondent.

Superior Court of Delaware,
New Castle County.
Submitted: Jan. 11, 1985.
Decided: Oct. 1, 1985.

L. Vincent Ramunno, Wilmington, for appellant-petitioner herein.

Robert J. Prettyman, Dept. of Justice, Wilmington, for appellee-respondent herein.

GEBELEIN, Judge.

Before the Court is an appeal by David Wilson of his adjudication of delinquency in Family Court on charges of Rape Second Degree, Kidnapping Second Degree, and Conspiracy Second Degree. The appellant was tried and adjudged delinquent with respect to all three charges on January 23,

1984 and was sentenced on April 2, 1984 to two years probation. The bases for the current appeal concern only the adjudications of Rape Second Degree and Kidnapping Second Degree.

Undisputed facts are that the appellant, who was fourteen years of age at the time of the incident, and a co-defendant, entered the apartment of the victim, a girl of twelve years of age and had sexual intercourse with her.

In addition, the victim testified that the two defendants did not leave the apartment when she told them to do so. She further testified that the co-defendant pushed her against the kitchen wall and sexually assualted her while both she and the co-defendant were fully clothed, that despite her protests, the co-defendant pulled off her panties; and that the defendant, David Wilson, then climbed on top of her and raped her. The victim also testified that she could not escape the kitchen during the rape because of the co-defendant holding her arms and legs so that she could not move.

The trial court excluded any evidence with respect to the victim's consent based upon 11 *Del.C.* § 767(3). Section 767(3) reads in pertinent part as follows:

> Sexual intercourse, deviate sexual intercourse or sexual contact is "without consent" when:
>
> \*   \*   \*   \*   \*   \*
>
> (3) The victim is less than 16 years old;
> . . .

The appellant argues on appeal that the provisions of 11 *Del.C.* § 767(3) are unconstitutional on their face. The appellant further contends that the trial court's interpretation of the statute constitutes legal error.

With respect to the Kidnapping charge, the appellant further argues on appeal that the State failed to establish restraint of the victim sufficient to support an independent kidnapping conviction and failed to allow defendant to introduce evidence of consent.

■ This Court will not reverse the disposition of Family Court unless the trial court erred as a matter of law. *See, Henry v. State,* Del.Supr. 298 A.2d 327 (1972) and *Husband v. Wife H.,* Del.Super. 451 A.2d 1165 (1982). Under this standard of review the Court will consider the arguments of appellant.

### I.

■ In this particular instance, appellant's primary argument relates to the constitutionality of a statute.

Although appellant does not make his constitutional argument clear, he appears to be pursuing an argument based upon age discrimination.[1] Appellant points out that any defendant who engages in sexual intercourse with a victim who is less than sixteen years old can be found guilty of Rape Second Degree, a class B felony; but if the defendant is at least four years older than the victim, he may instead be found guilty of the less serious offense of Sexual Misconduct, a class E felony.[2] The oppor-

---

1. The Court notes that 11 *Del.C.* § 767(3) has withstood a constitutional challenge on the basis of an equal protection discrimination by sex argument, *State v. Brothers,* Del.Super., 384 A.2d 402 (1978), appellant does not pursue that argument here.

2. Appellant makes the same argument as to possibility of conviction of 11 *Del.C.* § 761(3), which reads in pertinent part:

> A person is guilty of sexual assault when he has sexual contact with another person not his spouse or causes the other to have sexual contact with him or a third person if:
>
> \*   \*   \*   \*   \*   \*

> (3) The contact occurs with the consent of the victim, but the defendant knows that the victim is less than 16 years old and the defendant is at least 4 years older.

Appellant's argument with respect to § 761(3) is wholly without merit. Section 761 requires only sexual contact which is defined as "any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire of either party," 11 *Del.C.* § 773(d), whereas § 763 requires sexual intercourse which is defined as:

> Any act of coitus between male and female and includes intercourse with the mouth or anus. It occurs upon any penetration, however slight. Emission is not required. For

tunity to be adjudged guilty of the less serious offense is denied to defendants who are less than four years older than their victims or in fact younger than a victim. As appellant argues, this is an absurd result, but absurdity, in itself, does not make a statute unconstitutional.

■ In order to answer appellant's argument, it is necessary to look beyond § 767(3) to the offenses, 11 *Del.C.* 767(a)[3] and § 763.

A male is guilty of sexual misconduct when he engages in sexual intercourse with a female not his wife who is less than 16 years old and he is at least 4 years older. 11 *Del.C.* § 762(a).

A male is guilty of rape in the second degree when he intentionally engages in sexual intercourse with a female without her consent.

11 *Del.C.* § 763.

Upon examination of all three statutes it is clear that if § 762(a) is violated, so is § 763.[4] This is apparently the result of legislative inadvertence. In 1977 the Legislature amended § 767(3) by changing the age of consent from twelve to sixteen. 61 *Del.Laws,* c. 56.

Under § 767(3) prior to 1977, there was a logical reason behind § 762. It protected females between the ages of twelve and sixteen from the persuasive charms of "older men" by removing consent as an issue where the defendant was more than four years older than the victim. *See* for

example, *Delaware Criminal Code with Commentary,* pp. 206–208 (1973). Since § 767(3) was amended in 1977, this same age group is protected by § 763, where consent is not an issue if the female is under sixteen. However, under the present statutory scheme there would appear to exist an opportunity to be adjudged guilty of the less serious offense for a defendant four years older than the victim and who is not the spouse of the victim, an opportunity denied the younger defendant or the married defendant. This classification is clearly based on age or marital status.

This classification based upon age was not constitutionally suspect prior to the amendment of § 767(3) in 1977. The classification that is suspect is contained in § 762(a) and, therefore, the Court's focus must be on § 762(a).

In order for § 762(a) to pass constitutional muster, it must be rationally related to a legitimate state interest. *See Massachusetts Bd. of Retirement v. Murgia,* 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976) (using the same test to determine the constitutionality of mandatory retirement provisions based on age).

In reaching this issue it must be noted that "[E]qual protection analysis requires strict scrutiny of a legislative classification only when the classification impermissibly interferes with the exercise of a fundamental right or operates to the peculair disad-

---

purposes of this chapter, sexual intercourse shall include any act of cunnilingus.
11 *Del.C.* § 773(b).
Thus, the act prohibited by § 761(3) is substantially different from that prohibited by § 763.

3. The Court's focus here is on § 762(a) and does not include § 762(b) which reads:
A person is guilty of sexual misconduct when he engages in deviate sexual intercourse with another person less than 16 years old and he is at least 4 years older.
Deviate sexual intercourse is defined as "intercourse between persons of the same sex, including intercourse with the mouth and anus." 11 *Del.C.* § 773(c).
This section, like § 762(a), contains the same dual age requirements. It leads to the same

results when read in conjunction with §§ 765 and 766 and the discussion contained herein relates to these sections as well.

4. Although § 763 requires the defendant to intentionally engage in sexual intercourse and § 762(a) is silent on the issue of intent, 11 *Del.C.* § 251(b) provides:
When the state of mind sufficient to establish an element of an offense is not prescribed by law, that element is established if a person acts intentionally, knowingly or recklessly.
It is difficult for the Court to conceive of how a person could engage in sexual intercourse with any state of mind other than intentionally. There is no argument made by defendant that his acts were other than intentional.

vantage of a suspect class." *Murgia,* 427 U.S. at 312, 96 S.Ct. at 2566. Clearly, the opportunity to be adjudged guilty of a less serious offense is not a fundamental right. In addition, the class of defendants that have violated 11 *Del.C.* § 763, but are not four years older than their victims who are under sixteen, lacks the traditional indicia of suspectness.

The class is not saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness as to command extraordinary protection from the majoritarian political process. *San Antonio School District v. Rodriguez,* 411 U.S. 1, 28, 93 S.Ct. 1278, 1294, 36 L.Ed.2d 16 (1973).

Although the mere rationality standard gives a great deal of deference to legislative classifications, it does have some bite. *See U.S. Dept. of Agriculture v. Moreno,* 413 U.S. 528, 93 S.Ct. 2821, 37 L.Ed.2d 782 (1973) (using the rational basis test to find a statute that denied food stamps to households whose members were not all related to each other unconstitutional).

In applying this test, the Court cannot conceive of any possible legitimate State interest served by a classification which would offer the older defendant (the supposedly more mature defendant) the opportunity to be adjudged guilty of a lesser offense than a defendant who is less than four years older, or could be younger, than his victim.

The continued existence of § 762 would lead to decidedly absurd results. For example, an 18-year old boy who had sexual relations with a 15-year old girl could only be tried for Rape. A thirty-five year old man who had sexual relations with an eight-year old girl could be tried for either Sexual Misconduct or Rape. This irrationality leads to a restriction on available prosecution alternatives based solely upon the age of the offender. There is no rational basis upon which this discriminatory provision could be predicated.

While it is clear that repeal of a statute by implication is not favored in the law, such a repeal can be implied where the continued existence of both statutes would "lead to absurd, unjust or mischievous results". *Fraternal Order of Police v. McLaughlin,* Del.Supr., 428 A.2d 1158, 1160 (1981); and *C.v.C.,* Del.Supr., 320 A.2d 717 (1974).

■ In the case before the Court the continued existence of 11 *Del.C.* § 762 would lead to absurd results and would further suffer from a constitutional infirmity based upon an irrational discrimination by age. It cannot be assumed that the General Assembly intended these results. Therefore, it must be implied that by amending 11 *Del.C.* § 767(3), the General Assembly intended to repeal the provisions of 11 *Del.C.* § 762 creating a separate crime of Sexual Misconduct.

■ The defendant in this case, however, appealed his adjudication of delinquency based on the effect of § 767(3) defining "without consent". That is to say his argument was that evidence of consent by the victim should have been admitted by the trial court.

Section 767(3) does not itself contain a constitutional infirmity. It is only when read in conjunction with the sexual misconduct statute that a problem arose. Based upon this Court's analysis that the Sexual Misconduct statute was repealed by implication, the trial Court correctly excluded the evidence proffered by appellant as the only offense at issue was Rape. Thus the adjudication of delinquency must be affirmed.

## II.

■ Appellant contends that his kidnapping conviction should be reversed. Appellant first argues that Kidnapping Second Degree is not a separate offense from Rape Second Degree, a position which this Court flatly rejects.

Appellant argues further that the facts of this case do not support both a Rape and

Kidnapping conviction. Appellant cites *Burton v. State*, Del.Supr., 426 A.2d 829, 833 (1981), for the proposition that in order to sustain a conviction of Kidnapping, the State must show a substantial interference with the victim's liberty beyond the interference or restraint that normally is incidental to a rape. *See Delaware Criminal Code with Commentary* (1973), p. 228.

The Court notes that Kidnapping convictions coupled with Rape or Sexual Assault convictions have been sustained under circumstances in which the interference with the victim's liberty involved the confinement of the victim in a car, the driving of that car for fifteen minutes in the direction ordered by the defendant, and the forcible removal of the victim's clothing, *Simmons v. State*, Del.Supr., 449 A.2d 228, 229 (1982); confinement of the victim in a building for 30 minutes, her movement between two rooms on several occasions, and several physical seizures of her, *Burton v. State, supra* at 833; physical capture of the victim, dragging her down a hill, transporting her into a culvert, and punching her in the mouth, *Tyre v. State*, Del.Supr., 412 A.2d 326, 329 (1980); and the dragging of the victim from the initial place of attack to other land. *Ferrell v. State*, Del.Supr., 497 A.2d 786, McNeilly, J. (January 18, 1985) (ORDER).

In this case the State argues that a Kidnapping conviction should be sustained based on the following facts:

a.) the victim was held by the defendant while the co-defendant pulled off her panties;

b.) the victim was held down by the co-defendant while the defendant committed sexual intercourse;

c.) that the victim's arms and legs were held down while she was forced to have sex.

The offense occurred in the victim's kitchen and she was not beaten nor moved by defendants from that room. While the victim did not consent and, in fact struggled, she was not transported by defendants any distance at all. The victim clearly was restrained by defendants as the sexual act took place and her arms and legs were held. The Court, however, is not satisfied that the restraint was more than is ordinarily incident to the offense of Rape.

As the commentary to the Delaware Criminal Code notes:

> ... a person is not guilty of kidnapping under subsection (4) every time he commits the crime of rape or assault. Both of those crimes inevitably involve some restraint of the person, but much more is required here before the additional and aggravated offense of kidnapping is committed. The State must prove that the restraint interfered *substantially* with the victim's liberty.

*Delaware Criminal Code with Commentary*, p. 228, (1973). (Emphasis in original.)

Unlike *Burton, Simmons, Tyre,* and *Ferrell, supra*, this case contains no evidence of movement of the victim even from one room to another. There is no evidence of confinement for any extended period of time. Considering the evidence in the light most favorable to the State, there is no evidence of restraint that is materially different than that ordinarily necessary to commit the offense of Rape.

For this reason, the adjudication of delinquency for Kidnapping Second Degree must be reversed.

In conclusion, the disposition of the Family Court adjudicating the defendant delinquent for Rape Second Degree is affirmed. The adjudication of delinquency for Kidnapping Second Degree is reversed.

IT IS SO ORDERED.