**DAVID S.W., Petitioner
Below, Appellant,**

v.

**STATE of Delaware, Respondent
Below, Appellee.**

Supreme Court of Delaware.

Submitted: March 27, 1986.

Decided: May 27, 1986.

L. Vincent Ramunno and Gordon L. McLaughlin, Wilmington, for appellant.

Loren C. Meyers, Dept. of Justice, Wilmington, for appellee.

Before CHRISTIE, C.J., MOORE and WALSH, JJ.

PER CURIAM:

This case presents a question of statutory construction in relation to the apparently discriminatory effect of reading the provisions of the sex crimes statute in 11 *Del.C.* § 767(3) in conjunction with the sexual misconduct provisions in 11 *Del. C.* § 762.[1] A literal reading of these statutes suggests that a youthful defendant who engages in sexual intercourse with a victim who is less than sixteen years old may be found guilty of second degree rape, while a defendant who is at least four years older than a young victim can be found guilty of the lesser offense of sexual misconduct.

---

**1.** Section 767(3) provides:

Sexual intercourse, deviate sexual intercourse or sexual contact is 'without consent' when:

(3) The victim is less than 16 years old.

Section 762 provides in pertinent part:

(a) A male is guilty of sexual misconduct when he engages in sexual intercourse with a female not his wife who is less than 16 years old and he is at least 4 years older.

We find that such literal application of sections 767(3) and 762 leads to an unjust result, and therefore declare that section 762(a) must have been repealed by implication when the legislature amended section 767(3).

## I

The appellant, David S.W., was found delinquent by the Family Court for committing second degree rape, second degree kidnapping, and second degree conspiracy. He appealed the adjudication of second degree rape and second degree kidnapping to the Superior Court, which affirmed the delinquent adjudication for second degree rape and reversed the adjudication of delinquency for second degree kidnapping.

The undisputed facts are that the appellant, a fourteen-year-old male, and a codefendant entered the twelve-year-old victim's apartment and had sexual intercourse with her. At trial, the Family Court did not permit evidence of the victim's consent to be introduced based upon 11 *Del.C.* § 767(3). On appeal to the Superior Court the defendant argued that 11 *Del. C.* § 767(3) is unconstitutional on its face and as applied because it discriminates against the defendant based on his age and gender. The Superior Court held that section 767(3) does not, in itself, contain a constitutional infirmity and that the offense of sexual misconduct as embraced in 11 *Del.C.* § 762 was repealed by implication when the legislature amended section 767(3). *Wilson v. State*, Del. Super., 500 A.2d 605, 607 (1985).

In this appeal, David S.W. repeats his contention that section 767(3) violates his fundamental right to due process and equal protection of the law because the statute discriminates against him on the basis of his gender and, when read in conjunction with section 761 and section 762(a),[2] also discriminates against him on the basis of his age. Appellant argues that a defend-ant who engages in sexual intercourse with a victim less than sixteen years old can be found guilty of second degree rape, but may only be found guilty of the lesser offense of sexual misconduct if he is at least four years older than his victim. Furthermore, appellant contends, section 767(3) discriminates against him based on gender because the law removes the ability to consent to sexual intercourse from a woman who is under sixteen and, therefore, holds him to a different standard of awareness and intent. He is thus denied a fair and truthful determination of the facts by being denied the defense of consent.

## II

■ Section 767(3) provides only that sexual intercourse is by definition without consent when the victim is less than sixteen years old. 11 *Del. C.* § 767(3). The Superior Court correctly held that section 767(3) does not, in itself, contain a constitutional infirmity. *Wilson*, 500 A.2d at 609. It is now well-established that such statutory provisions are not unconstitutional on their face or as applied to persons under the age specified in the statute. *See Michael M. v. Superior Court of Sonoma County*, 450 U.S. 464, 101 S.Ct. 1200, 67 L.Ed.2d 437 (1981); *Acosta v. State*, Del. Supr., 417 A.2d 373 (1980); *State v. Brothers*, Del. Super., 384 A.2d 402 (1978). Read in conjunction with the sexual misconduct statute in section 762, however, section 767(3) seems to prohibit a defendant charged with second degree rape who is not four years older than his victim from being convicted of the lesser offense, while a defendant greater than four years older than his victim may be convicted of sexual misconduct. Clearly, this result was not foreseen when the legislature amended section 767(3) by changing the age of consent from twelve to sixteen. *See* 61 *Del.Laws* 56 (1977); *Wilson*, 500 A.2d at 608.

---

**2.** As the Superior Court correctly noted, appellant's argument with respect to § 761(3) is wholly without merit because § 761(3) refers to a substantially different type of sexual act that is not at issue in this case. Therefore, we consider appellant's argument only as it relates to §§ 767(3) and 762(a).

■ When a conflict arises between statutes, the Court's determination of legislative intent begins with the principle that repeal of one statute by implication is not favored unless the two provisions are irreconcilably inconsistent, repugnant to each other, or lead to absurd, unjust, or mischievous results. *Fraternal Order of Police v. McLaughlin,* Del. Supr., 428 A.2d 1158 (1981). Here, the combined effect of sections 767(3) and 762 leads to an unjust result, thus, we consider section 762(a) to have been repealed by implication when the legislature amended section 767(3) to raise the age of consent. Since section 767(3) does not contain a constitutional infirmity standing alone, there is no violation of David S.W.'s equal protection or due process rights.

Furthermore, despite appellant's assertions, section 767(3) does not deprive him of due process rights by taking away the defense of consent. Section 767(3) has the effect of removing the element of consent from the crime of second degree rape when the victim is less than sixteen years old, but the legislature's decision to protect young females does not exceed the state's authority to provide special safeguards for minors. *See e.g., Schwartzmiller v. Gardner,* 567 F.Supp. 1371 (D.Idaho, 1983), *aff'd in part and rev'd in part,* 752 F.2d 1341 (1984); *In Re W. E. P.,* D.C. App., 318 A.2d 286 (1974); *Commonwealth v. Robinson,* Pa. Supr., 497 Pa. 49, 438 A.2d 964 (1981). The provisions of 11 *Del.C.* § 767(3) do not reflect arbitrary action of the government and therefore do not deprive defendant of due process ·by removing the element of consent in this situation.

The judgment of the Superior Court is, AFFIRMED.