City of Beaver Falls, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

City of Beaver Falls, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 9, 1981, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Edward S. Young,* for petitioners.

*Charles Hasson,* Associate Counsel, with him *Michael S. Fedor,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondents.

OPINION BY JUDGE BLATT, February 25, 1982:

Before us are two consolidated petitions for review filed by the petitioner, the City of Beaver Falls (City), challenging two decisions by the Unemployment Compensation Board of Review (Board) which found that the City's discharge of certain employees[1] was not based upon their willful misconduct.[2]

The claimants, while they were employed by the City, resided outside the city limits of the City of Beaver Falls and were informed by the City's letters dated September 14, 1979, that they would be discharged if they did not establish residency within the city limits within 60 days in accordance with a city ordinance. The claimants did not change their residences and their employment was terminated on November 27, 1979. Their applications for unemployment benefits were denied by the Office of Employment Security, but, after a hearing at which the City

---

[1] Patricia L. Cramer and Marilyn Mussey, the claimants herein.

[2] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

failed to appear, the referee reversed the decision below and granted benefits. The referee found that other persons employed by the City lived outside the city limits, that such persons were not discharged and that, inasmuch as the residency ordinance was not uniformly enforced, the claimants' actions did not evidence such a disregard for the employer's interests as to constitute willful misconduct. The Board affirmed the referee's findings and orders and these petitions for review were filed.

The City contends that the Board's finding that the residency ordinance was not enforced uniformly was not supported by the record. It relies upon a letter which it sent to the Board as part of its appeal of the referee's decision as evidence that the employees cited as living outside the city but not discharged were exempted from the residency ordinance and that all employees who were subject to but did not comply with the ordinance were discharged.

The City, of course, had the burden of proving willful misconduct and this Court has previously held that violation of a municipal residency ordinance amounts to such willful misconduct. *Rodgers v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 552, 397 A.2d 1286 (1979). Where a discharge based on the violation of such an ordinance has been established, we believe that the burden then shifts to the claimant to prove both that the ordinance was not enforced uniformly and that a violation thereof was not an act which was contrary to a reasonable standard of behavior which an employer could expect of an employee. The claimants, having been found here to have met their burden below, our scope of review is therefore limited to determining whether or not the findings of the Board are supported by substantial evidence or whether or not an error of law was committed. *Ellis v. Unemployment Compen-*

*sation Board of Review*, 56 Pa. Commonwealth Ct. 628, 425 A.2d 496 (1981).

The claimants testified here that at least two persons who worked for the City resided outside of the city limits, that the petitioner was aware of that fact and that those persons were not discharged. The City relies upon an ex parte communication in the form of a letter from the City to the Board stating that the two persons about whom the claimant testified were employed in positions exempt from the City's residency requirement. While we would doubt that such a communication could have properly been used by the Board in making its decision, even were we to permit the Board to consider such a letter, it would only amount to evidence which conflicted with the testimony of the claimants. And, because such conflicts in evidence are to be resolved by the Board in its role as factfinder, *Rodgers*, we must defer to its determination of the weight to be given competing evidence.

We must now determine whether or not what the claimants did as a matter of law constituted willful misconduct. In *Woodson v. Unemployment Compensation Board of Review*, 461 Pa. 439, 336 A.2d 867 (1975), our Supreme Court held that excessive absences by black employees did not rise to the level of willful misconduct because the employer had not discharged white employees who had similar attendance records. The Court held that a standard of conduct which an employer may expect of an employee must be equally applied to both blacks and whites. We believe that such a consideration is equally applicable where racial discrimination is not involved. Willful misconduct requires an intentional or deliberate disregard of standards of behavior which an employer has a right to expect of an employee, *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165

(1973), and we believe that the City's inconsistent enforcement of its ordinance did not establish such a standard of conduct with which it could reasonably expect its employees to comply.[3] *Birdsboro Corp. v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 462, 430 A.2d 361 (1981).

We will therefore affirm the Board's award of benefits.

ORDER

AND, Now, this 25th day of February, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

Judge PALLADINO did not participate in the decision in this case.

---

[3] This is not to say that an employer who has not consistently enforced a rule in the past is forever precluded from doing so for unemployment compensation purposes. An employee who violates a previously unenforced company rule after a warning that such rule would be strictly enforced in the future, is guilty of willful misconduct. *Bullock v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 528, 402 A.2d 734 (1979). We hold only that an employer must enforce such a rule equally in order to establish a standard of conduct which could reasonably be expected of an employee.