Wanda King Bollinger, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs in Special Session to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Thomas L. Bright, Mark & Weigle,* for petitioner.

*Charles Donahue,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, September 3, 1982:

Wanda K. Bollinger (Claimant) had been employed by Drug Fair (Employer) for three and a half years when she was terminated on May 21, 1981 for failure to follow a company policy. Claimant has appealed the decision of the Unemployment Compen-

sation Board of Review (Board) which found Claimant had committed willful misconduct, making her ineligible for benefits pursuant to Section 402(e) of the Pennsylvania Unemployment Compensation Law.[1]

We have construed the term "willful misconduct" to include a wanton or willful disregard of an employer's interests, a deliberate violation of the employer's rules, a disregard of the standards of behavior which an employer has a right to expect, or negligence which manifests culpability, wrongful intent, or an intentional disregard of the employer's interest or the employee's obligation to the employer. *Kentucky Fried Chicken of Altoona v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). The facts surrounding Claimant's dismissal are undisputed. During the course of her duties on May 19, 1981, Claimant was given a twenty dollar bill that was found on the floor by a young boy. Employer's policy on such matters required that Claimant hand the money in to the manager. Claimant was aware of this policy. Claimant did not turn the money in until two days later when she was questioned during the course of an employer's investigation.

However well intentioned the Claimant might have been in believing that she knew the rightful owner of the twenty dollar bill, there was undoubtedly a clear violation of the employer's standards of behavior. Prior bad acts are not necessary to find willful misconduct. *Hartley v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 371, 397 A.2d 477 (1979), and a single act of misconduct may be sufficient to support ineligibility under Section 402(e). *Food Fair Stores, Inc. v. Unemployment Com-*

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended,* 43 P.S. §802(e).

578

*pensation Board of Review,* 11 Pa. Commonwealth Ct. 535, 314 A.2d 528 (1974). Absent fraud the findings of the Board are conclusive on this Court if they are supported by substantial evidence. *Stalc v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 131, 318 A.2d 398 (1974).

Order affirmed.

ORDER

Now, September 3, 1982, the decision of the Unemployment Compensation Board of Review dated August 28, 1981 at Decision No. B-198860 is hereby affirmed.