Antonio DeNardis, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs March 3, 1983, before Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*Lowell T. Williams,* for petitioner.

*Joel G. Cavicchia,* Associate Counsel, with him *Richard L. Cole,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, August 5, 1983:

Before this Court is an appeal by Antonio De-Nardis (Claimant) from a decision and order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e) (the "willful misconduct" clause).

Claimant was employed by the Lawrence County CETA Office (Employer) as private sector coordinator. On March 3, 1981, the County Commissioners unanimously voted to discharge Claimant for using Employer's stationery and postage meter for the purpose of mailing non-work related literature. Claimant filed for unemployment compensation benefits but they were denied on the grounds that the activity which led to his discharge constituted willful misconduct. On appeal to this Court, Claimant asserts that there is not substantial evidence to support a conclusion that his activities constituted "willful misconduct." He also argues that he was actually fired because of his activities on behalf of his union, AFSCME.

The burden of establishing that an employee was discharged for "willful misconduct" such that will render him ineligible for unemployment compensation is on the employer. *Bignell v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 568, 434 A.2d 869 (1981). Whether certain conduct constitutes "willful misconduct" under the Law is a question of law subject to this Court's review.

*Nolan v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 186, 425 A.2d 1203 (1981). An employee's conduct will not be deemed to be disqualifying "willful misconduct" if there was good cause for his actions. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976).

In the case at bar, the incident which triggered Claimant's discharge was the return to Employer's office on February 20, 1981, of two letters mailed by Claimant to members of the local Jaycees. The letters were on Employer's stationery and had been stamped on Employer's postage meter. Claimant does not deny that these letters were not directly related to his employment. Instead, he asserts that, consistent with the function of his position, his working with the Jaycees was designed to improve the image of the CETA program and help establish contracts for it with private industry. Claimant also points out that he had received no prior warnings concerning non-work related activities and that he was active in his union's interactions with Employer and that this had engendered some degree of hostility which he believes was the real reason for this discharge.

A review of the record, however, reveals testimony supportive of a finding that the letters mailed by Claimant bore no relationship whatsoever to Employer. Rather, they concerned a program *exclusively* related to the Jaycees. Also, representatives of Employer adamantly disclaimed any connection between Claimant's union activities and his discharge. As it is the province of the Board, as the ultimate finder of fact, to resolve conflicts in the evidence and to assess the credibility of witnesses and the weight of the evi-

dence presented, *Taylor v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 5, 432 A.2d 642 (1981), this Court is not free to reverse the Board's findings that Claimant's use of Employer's materials was not work related and that his firing was not for union activities. A prior warning that a course of conduct is improper is not necessary to a conclusion of willful misconduct, *see Bollinger v. Unemployment Compensation Board of Review,* 68 Pa. Commonwealth Ct. 575, 449 A.2d 868 (1982), and as the misappropriation of Employer's property for personal use can be willful misconduct as a matter of law, even absent the violation of a rule, *Harmon v. Unemployment Compensation Board of Review,* 66 Pa. Commonwealth Ct. 320, 444 A.2d 806 (1982), we affirm the Board's denial of benefits.[1]

ORDER

Now, August 5, 1983, the decision and order of the Unemployment Compensation Board of Review in the above captioned matter, No. B-199140, dated September 9, 1981, is hereby affirmed.

---

[1] Claimant also argues that, as only $.36 was involved (the postage for two letters), his activity was de minimis in nature, not detrimental to Employer and therefore not sufficient grounds for a conclusion of "willful misconduct." *See Gladkowski v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 108, 384 A.2d 1365 (1978). Aside from the fact the Claimant's argument avoids the question of how many letters were sent out with the two that were returned, but were not returned because they had correct addresses, we must reject his argument. Where the misappropriation of an employer's property is shown and there is a corresponding pecuniary loss to the employer, as occurred in the case at bar, it is clear that the employee's activity is in a real sense detrimental to the interest of the employer and a conclusion that there was disqualifying "willful misconduct" is warranted. *See Id. See e.g. James v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 230, 429 A.2d 782 (1981).