508 A.2d 1281

Sherman B. Smith, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 6, 1986, to Judges BARRY and PALLADINO, and Senior Judge BLATT, sitting as a panel of three.

*David C. Mason, Miller and Mason,* for petitioner.

*Jonathan Zorach,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, May 5, 1986:

This is an appeal by Sherman B. Smith (Claimant) from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying Claimant benefits on the ground of willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law.[1] We affirm.

Claimant was employed by Asplundh Tree Experts (Employer) until June 25, 1984, when he was discharged for the negligent and unauthorized personal use of Employer's vehicle in violation of Employer's rules. Claimant applied for unemployment compensation which was denied by the Office of Employment Security. Claimant appealed and, after a hearing, the referee affirmed the denial. Claimant then appealed to the Board. The Board found that Employer's rules, of which Claimant was aware, provide for possible immediate discharge of an employee who uses company tools or equipment without authorization. The Board further found that, on June 23, 1985, Claimant used Employer's vehicle for his personal use without authorization, was involved in an accident and was charged with reckless driving. The Board concluded that Claimant's conduct was in disregard of the standard of behavior which an employer has a right to expect and, therefore, constituted willful misconduct. The Board affirmed the denial of benefits.

Claimant now appeals to this Court asserting that the Board erred in that: (1) the Board's findings are not supported by substantial evidence; (2) that Employer's rule regarding unauthorized use of Employer's tools and equipment was not uniformly and consistently applied; and (3) that his personal use of Employer's vehicle did

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

not constitute willful misconduct because he had good cause to be driving the vehicle.

Our thorough review of the record reveals that the Board's findings are supported by substantial evidence. Claimant admits that he knew of the rule and the possible consequences of its violation. He also admits that he was returning from a dinner with his family when the accident occurred. Thus, Employer met its burden of proving the existence of the rule and its knowing violation. This constitutes willful misconduct. *Elliott v. Unemployment Compensation Board of Review,* 82 Pa. Commonwealth Ct. 107, 474 A.2d 735 (1984).

Claimant relies on the Pennsylvania Supreme Court case of *Woodson v. Unemployment Compensation Board of Review,* 461 Pa. 439, 336 A.2d 867 (1975) for the proposition that violation of an employer's rule does not constitute willful misconduct if the rule is not uniformly enforced. This, however, is not what *Woodson* held. *Woodson* held that the Board could not sanction a non-uniform application of company rules which resulted in racial discrimination. This would constitute state action in violation of the equal protection clause of the United States Constitution. We do not have, in the case at bar, any allegation of racial discrimination. Therefore, *Woodson* is inapposite to the case at bar. As we stated in the case of *Bays v. Unemployment Compensation Board of Review,* 62 Pa. Commonwealth Ct. 421, 424, 437 A.2d 72, 73 (1981):

> In short, unless the employer's disparate treatment of his employees with respect to discharges for misconduct demonstrates that the action of the discharge complained of is in reality an act of unlawful discrimination, which the denial of unemployment compensation would reinforce, the compensation authorities' determination that compensation should be refused will

not be disturbed on the ground that other employees arguably equally guilty of misconduct were not discharged.

We note, however, that in the case of *Beaver Falls v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 14, 441 A.2d 510 (1981) this Court stated:

> The [*Woodson*] Court held that a standard of conduct which an employer may expect of an employee must be equally applied to both blacks and whites. We believe that such a consideration is equally applicable where racial discrimination is not involved.

*Id.* at 17, 441 A.2d at 512. The facts of *Beaver Falls,* however, are significantly distinguishable from the case at bar. In *Beaver Falls* two claimants were discharged for their failure to comply with a municipal ordinance which required employees of the City of Beaver Falls to reside within the City. The Board affirmed a referee's decision which had concluded that "inasmuch as the residency ordinance was not uniformly enforced, the claimants' actions did not evidence such a disregard for the employer's interests as to constitute willful misconduct." *Id.* at 16, 441 A.2d at 511.

In upholding the Board's order in *Beaver Falls,* we stated:

> Where a discharge based on the violation of such an ordinance has been established, we believe that the burden then shifts to the claimant to prove *both* that the ordinance was not enforced uniformly *and* that a violation thereof was not an act which was contrary to a reasonable standard of behavior which an employer could expect of an employee.

*Id.* at 16, 441 A.2d at 512 (emphasis added). We concluded that the claimants had met their dual burden of

proving *both* the lack of uniform enforcement *and* that their conduct in residing outside the City limits was not contrary to reasonable standards of behavior which an employer could expect of an employee. *Id.* at 17-18, 441 A.2d at 512.

Although it is not contrary to reasonable standards of behavior for City employees to live outside City limits in the absence of a uniformly enforced rule or ordinance establishing a residency requirement, it is contrary to reasonable standards of behavior for an employee to use company property for personal activities without authorization, even absent a rule prohibiting such conduct. *See DeNardis v. Unemployment Compensation Board of Review,* 76 Pa. Commonwealth Ct. 212, 463 A.2d 116 (1983). Claimant did not meet his burden of proving that his unauthorized personal use of Employer's vehicle was not contrary to a reasonable standard of behavior. Further, our review of the record leads us to conclude that no evidence was presented which would indicate that employer had knowledge of and did not take disciplinary action against other employees who violated the rule. Thus, in the case at bar, unlike the situation in *Beaver Falls,* Claimant did not meet his burden of proving either that his conduct was not contrary to reasonable standards of behavior which an employer may expect or that the rule was not uniformly enforced.

We must also reject Claimant's good cause argument. He did not raise it before the referee or the Board, and thus has not preserved it for appeal.

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, May 5, 1986, the order of the Unemployment Compensation Board of Review, No. B-236066, dated November 16, 1984, is affirmed.

DISSENTING OPINION BY JUDGE BLATT:

I respectfully dissent.

The majority opinion, in its attempt to distinguish *Beaver Falls v. Unemployment Compensation Board of Review,* 65 Pa. Commonwealth Ct. 14, 441 A.2d 510 (1982), has erected, it seems to me, an artificial rule with regard to discriminatory employer discipline in unemployment compensation willful misconduct cases. To ignore unequal employer treatment, where the act or omission of the employee is such that it would constitute willful misconduct without regard to an employer-created rule, seems to me to violate the teaching of our Supreme Court in *Woodson v. Unemployment Compensation Board of Review,* 461 Pa. 439, 336 A.2d 867, 868 (1975).

> A determination of whether an employee has engaged in willful misconduct can . . . only be made by considering what standard of conduct an employer reasonably requires. Standards expected by one employer may of course not be the standards of another employer. Willful misconduct cannot therefore be considered in a vacuum. It must be considered in relation to the particular employees and to the reasonable standards expected by a particular employer.

*Id.* at 442-43, 336 A.2d at 868. And, inasmuch as the employees in *Woodson* were discharged for alleged excessive absenteeism and tardiness and *Woodson* does not make mention of any employer rule, I believe that the majority's holding in the instant case is contrary to that of the Supreme Court in *Woodson* and our own decision in *Beaver Falls.*

I do not believe, however, that we may reverse the administrative denial of benefits at this juncture, for my review of the record indicates that the Unemployment Compensation Review Board (Board) failed to address

Smith's allegations of disparate treatment in its findings of fact or in the discussion section of its adjudication. I believe, therefore, that, under the rule of *Page's Department Store v. Velardi,* 464 Pa. 276, 346 A.2d 556 (1975), we must remand this matter to the Board so that it may properly perform its full fact-finding duty.