**Richard CAMPBELL, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 8, 1997.

Decided June 4, 1997.

---

---

Philip J. Berg, Lafayette Hill, for petitioner.

Virginia L. Flick, Philadelphia, for intervenor, County of Montgomery, Office of the Coroner.

Before COLINS, President Judge, FRIEDMAN, J., and LORD, Senior Judge.

COLINS, President Judge.

Richard Campbell (claimant) petitions for review of the decision of the Unemployment Compensation Board of Review (Board) finding him ineligible for unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law)[1] (relating to willful misconduct). We affirm.

In the Montgomery County area, a particularly chilling and noteworthy double murder of a mother and daughter (victims) occurred. The incident commenced in a children's clothing store owned by the family of Caleb Fairley, the individual who was subsequently convicted of the murders. Shortly after Fairley's arrest, the family closed their local business and sought to open a new shop in the area where claimant resided. Individuals opposing the shop's opening, organized a protest in which claimant wished to participate. At the time of these occurrences, claimant had been employed as a deputy coroner in the office of the Montgomery County Coroner (employer).[2] Employer permitted claimant to sign a petition, and participate in a demonstration, protesting the opening of the shop. Employer's only admonition came by way of a reminder that information obtained in the course of employment must be kept confidential, and no one in the coroner's office may communicate circumstances of death and cause and manner of death to any news media without express direction of the coroner or designee (work rule).

Despite the warning, at the protest claimant agreed to be interviewed by a newspaper reporter. Claimant identified himself as a member of the coroner's office and informed the reporter that he (claimant) had been present at the autopsy of one of the victims. Claimant was quoted as saying, among other things, "I saw the little girl. I saw what this animal did. I was at the autopsy." (Board's Findings of Fact Nos. 1–6.) When questioned by his supervisor about the comments, claimant admitted to making the statements, stating that he thought his comments would have more impact if people knew he worked at the coroner's office. Claimant was discharged for violation of employer's work rule regarding communications with the news media.

Finding Campbell's conduct rose to the level of willful misconduct, the Office of Employment Security and the referee denied his request for benefits pursuant to Section 402(e) of the Law 43 P.S. § 802(e). The Board affirmed. Supporting the Board's conclusion is the resolution of credibility determinations in favor of employer, as well as the Board's finding that claimant failed to establish good cause for his failure to follow a

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e). Section 402(e) of the Law provides:

   An employee shall be ineligible for compensation for any week in which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such is 'employment' as defined in this act.

2. Claimant was employed by the Montgomery County Coroner's Office from January 2, 1990, until his last day of work, February 2, 1996.

work rule of which claimant had knowledge. Claimant appealed to this Court.

When reviewing a matter from the Board, this Court's scope of review is limited to determining whether constitutional rights have been violated, whether the Board has committed an error of law, or whether the necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704. When reviewing these matters, this Court recognizes that the Board is the ultimate fact finder and is entitled to make its own determinations as to witness credibility and evidentiary weight. *Peak v. Unemployment Compensation Board of Review,* 509 Pa. 267, 501 A.2d 1383 (1985).

■ Of the three issues claimant presents on appeal,[3] one questions the substantiality of the evidence supporting the Board's findings of fact. Claimant failed to challenge any specific findings of fact; therefore, the Board's findings are conclusive on appeal and claimant's issue lacks merit. *Salamak v. UCBR,* 91 Pa.Cmwlth. 493, 497 A.2d 951 (1985).

■ Claimant also questions whether the Board erred as a matter of law in determining that claimant's conduct rose to the level of willful misconduct. Whether a claimant's conduct rises to the level of willful misconduct is a question of law reviewable by this Court. *McLean v. Unemployment Compensation Board of Review,* 476 Pa. 617, 383 A.2d 533 (1978). The employer has the burden of proving willful misconduct. *City of Beaver Falls v. Unemployment Compensation Board of Review,* 65 Pa.Cmwlth. 14, 441 A.2d 510 (1982). In determining whether an employee's conduct rises to the level of willful misconduct we have held that deliberate violation of a work rule constitutes willful misconduct. *Barksdale v. Unemployment*

*Compensation Board of Review,* 79 Pa. Cmwlth. 440, 469 A.2d 716 (1984). The Board found that claimant intentionally violated employer's work rule without good cause; therefore, claimant's second issue also lacks merit.

■ Last, we consider whether the denial of benefits is an impermissible infringement on claimant's right to free speech as guaranteed by the first amendment of the United States Constitution.

■ In determining whether a denial of benefits equates to an impermissible infringement on an individual's right to free speech, one must balance "the interests of the [employee] as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." *Pickering v. Board of Education,* 391 U.S. 563, 568, 88 S.Ct. 1731, 1734–35, 20 L.Ed.2d 811 (1968). Thus, in determining whether to deny an employee benefits for conduct involving speech, the employee's right to speak freely must be balanced against the employer's need to keep information confidential. *Frigm v. Unemployment Compensation Board of Review,* 164 Pa.Cmwlth. 282, 642 A.2d 629 (1994).

The stated purpose of employer's rule, is to maintain confidentiality in the employer's offices in part to protect the integrity of criminal investigations. Claimant's comments were not to raise public awareness of purported problems in the Coroner's office, nor were the comments made to address claimant's concerns about matters related to the office. Therefore, we conclude as a matter of law, that there was no impermissible infringement on claimant's right to speak freely.[4] Having concluded claimant's issues

---

**3.** Claimant actually presents five questions for review. However, the questions were repetitive, and have been consolidated into the three questions presented above.

**4.** Claimant's argument on this issue is compelling, but for the following reasons it must be rejected. Claimant's issue is largely an evidentiary challenge to the factual findings of the Board, which challenge was not properly preserved for appellate review by this Court. More-

over, there is nothing of record evidencing that claimant was prohibited from exercising his constitutional right to free speech. Employer permitted claimant to attend the demonstration. Employer permitted claimant to sign a petition protesting the opening of a retail shop in his neighborhood. Employer's only admonition came by way of a reminder that nothing related to the coroner's office was to be disclosed.

Despite the warning, claimant identified himself as a member of the coroner's office upon

on appeal lack merit, the order of the Board should be affirmed.

Accordingly, the order of the Unemployment Compensation Board of Review is affirmed.

### *ORDER*

AND NOW, this 4th day of June, 1997, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

LEADBETTER, J., did not participate in the decision in this case.

being interviewed by a newspaper reporter. Further, claimant improperly commented on an autopsy performed at the coroner's office. When questioned by his supervisor about his comments, claimant admitted he thought his comments would have more impact if people knew he worked at the coroner's office. Claimant

would have us conclude that his comments were innocuous and did not disclose confidential information. We cannot do so since that argument is a challenge to the evidentiary findings of the Board, which challenge was not properly preserved for appeal to this Court.