Mildred **PETTYJOHN**, Petitioner

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 22, 2004.

Decided Dec. 14, 2004.

J. Edward McCain, III, Philadelphia, for petitioner.

Heather E. Conlon–Keller, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, and SMITH–RIBNER, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Mildred Pettyjohn (Claimant) petitions the Court for review of the March 12, 2004 order of the Unemployment Compensation Board of Review (Board) denying Claimant benefits under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S.

§ 802(e) (willful misconduct). Claimant questions whether she was discharged from her employer for disqualifying willful misconduct in connection with her work within the purview of Section 402(e) of the Law.

The Board made the following Findings of Fact:

1. The claimant was last employed as a records recorder by Swarthmore College from July of 2001 at a final rate of $16.50 per hour and her last day of work was November 3, 2003.

2. On August 26, 2003, all staff in the claimant's office were reminded that they can only use their internet access for personal use on their established breaks and on their lunch hours. All staff were reminded that, if they were short on work, they should speak to the supervisor.

3. The supervisor also reminded the claimant and other employees of this policy in periodic conversations after the August meeting.

4. In the last week of October, 2003, the claimant accessed a variety of internet websites from her work computer, but these sites were not work-related and her access was not made during breaks or lunch.

5. In her application for benefits, the claimant stated that she did this because work was slow.

6. The claimant did not contact her supervisor regarding the lack of work.

7. The employer's handbook provides for immediate discharge where an employee refuses to [obey] a direct instruction from a supervisor.

8. The employer terminated the claimant's employment for refusing to obey a direct instruction from the supervisor related to internet usage.

The Board determined that Swarthmore College (Employer) presented evidence of willful misconduct. Specifically, Claimant knew or should have known that accessing the internet for personal use during her work time violated Employer's policy and that such a violation could jeopardize her employment. Furthermore, Claimant admitted that she used the internet for personal use during work hours, and her proposed reason for doing so was not good cause for violating Employer's rule. Consequently, benefits were denied.

This Court's review of the Board's order is limited to determining whether constitutional rights were violated, whether an error of law was committed and whether the findings of fact are supported by substantial evidence in the record. 2 Pa.C.S. § 704; *Graham v. Unemployment Compensation Board of Review*, 840 A.2d 1054 (Pa.Cmwlth.2004). Willful misconduct has been defined as a wanton or willful disregard of the employer's interest; a deliberate violation of the employer's rules; disregard of standards of behavior which an employer can rightfully expect from an employee; or negligence indicating an intentional disregard of the employer's interest or the employee's duties or obligations. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976). In willful misconduct cases, the employer bears the burden of proof. *Campbell v. Unemployment Compensation Board of Review*, 694 A.2d 1167 (Pa.Cmwlth.1997).

Claimant argues that the Board erred in determining that Employer had a clear policy in place against internet usage. First, the "Addendum to Office Guidelines for Gift Records" (Addendum) directs the employees to please restrain themselves from using the internet for personal purposes and to limit such usage to breaks and lunch hours. Alternatively, Claimant asserts that the Addendum is ambiguous and that she could not have known that a failure to comply would result in termination, as in *Kelley v. Unemployment Compensation Board of Review*, 78 Pa. Cmwlth. 136, 466 A.2d 1143 (1983). Claimant next argues that she could not reasonably have anticipated that her job was in jeopardy from using the internet or that her actions constituted willful misconduct. Claimant specifically cited testimony by an Employer witness which indicated that Claimant was not warned in "writing that she need[ed] to stop using the internet[.]" N.T. at 12.

Also Claimant contends that Employer's Guidelines did not indicate that internet use for personal purposes was a terminable offense and, alternatively, that Claimant's supervisor never warned her of the consequences of such use. Therefore, Employer did not adhere to its own progressive disciplinary system in discharging Claimant, and, hence, it failed to meet its burden to establish disqualifying willful misconduct.[1]

The Board counters that substantial evidence supports the finding that Claimant

---

1. Claimant cites *Frigm v. Unemployment Compensation Board of Review*, 164 Pa.Cmwlth. 282, 642 A.2d 629 (1994), for the proposition that an employee's conduct cannot be considered willful misconduct when the employer has not adhered to its own progressive disciplinary system in discharging an employee. However, the Court noted:

    Although Employer has a progressive disciplinary system for minor employee miscon-
    duct, Employer's Personnel Policy also provides that a serious offense may warrant immediate discharge. We believe that Employer reasonably considered Claimant's breach of confidentiality in this case a serious offense; therefore, we find that Employer acted in compliance with its disciplinary policy in discharging her.
    *Id.* at 634.

knew she could use the internet only during designated times and that Claimant improperly relies on her version of the facts. The Board maintains that no formal rule prohibiting use of employer property for personal use is necessary and that there can be little doubt that an employer expects employees to refrain from personal pursuits during work hours. It cites *Harmon v. Unemployment Compensation Board of Review*, 66 Pa.Cmwlth. 320, 444 A.2d 806 (1982) (using company credit card to put gas in personal vehicle, while not violating express policy, constituted willful misconduct), and *Wetzel v. Unemployment Compensation Board of Review*, 29 Pa. Cmwlth. 195, 370 A.2d 415 (1977) (engaging in personal pursuits, *i.e.*, crocheting during work hours, amounts to willful misconduct). Alternatively, even if Claimant had no formal knowledge of the policy, she should have known that her conduct was prohibited. *See Gibson v. Unemployment Compensation Board of Review*, 760 A.2d 492 (Pa.Cmwlth.2000) (an employee had knowledge of a conspicuously posted policy).

■ The Board correctly argues that Claimant's conduct constituted willful misconduct because "it is contrary to reasonable standards of behavior for an employee to use company property for personal activities without authorization, even absent a rule prohibiting such conduct." *Smith v. Unemployment Compensation Board of Review*, 97 Pa.Cmwlth. 24, 29, 508 A.2d 1281, 1283 (1986); *see also Wetzel.* Using computers for personal, non-work purposes after being instructed not to do so amounts to willful misconduct, *Baldauf v. Unemployment Compensation Board of Review*, 854 A.2d 689 (Pa.Cmwlth.2004), and a lack of prior warnings "is not a defense in willful misconduct cases" regarding admitted misconduct. *Placid v. Unemployment Compensation Board of Review*, 58 Pa.Cmwlth. 250, 255, 427 A.2d 748, 750 (1981).

The Court is compelled to agree with the Board. Claimant accessed the internet during working hours rather than during her personal breaks or lunch. Moreover, Claimant was aware of the policy prohibiting use of the internet for personal purposes except for designated times and requiring her to seek out more work from her supervisor if she was short on work. The Board therefore properly determined that Claimant violated a clearly established policy and that her behavior constituted willful misconduct. Accordingly, benefits were properly denied, and the order of the Board is affirmed.

### ORDER

AND NOW, this 14th day of December, 2004, the order of the Unemployment Compensation Board of Review is affirmed.