Allan B. **SCHNITZER**, Petitioner

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,** Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 1, 2005.

Decided Aug. 10, 2005.

---

Allan B. Schnitzer, petitioner, pro se.

No appearance entered on behalf of respondent.

BEFORE: McGINLEY, J., LEAVITT, J., and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Allan B. Schnitzer (Claimant) petitions for review from an order of the Unemployment Compensation Board of Review (Board) which reversed the determination of a referee and determined that Claimant was ineligible for benefits due to his willful misconduct.[1] We affirm.

Claimant worked for Cardiac Telecom (Employer) from March 14, 1998 until his discharge on October 19, 2004. Claimant's request for unemployment benefits was denied and Claimant appealed the determination. After a hearing, at which Claimant and Employer's representative testified along with a co-worker, the referee concluded that Claimant did not engage in willful misconduct and granted his petition for benefits.

Employer appealed to the Board which made the following relevant findings of fact:

2. The claimant is licensed to carry a gun and, on a number of occasions, has reported to work with the concealed weapon, a Glock 9 millimeter.

3. The claimant works at a facility that monitors the hearts of patients all over the country in a central processing lab.

4. Shortly prior to the claimant's discharge, a co-worker complained about the claimant having a gun with him at the work place.

5. The employer questioned the claimant regarding whether he had ever brought a gun to work. In response, the claimant stated that he had only brought unloaded weapons in order to show them to co-workers who had asked to see them. The claimant admitted that, on one occasion, he unintentionally wore a weapon to work and, upon realizing this, returned it to his car.

---

1. Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., (1937), *as amended,* 43 P.S. § 802(e) provides that an employee shall be ineligible for benefits for any week in which the employee's unemployment is due to discharge from work due to his willful misconduct.

6. Contrary to what he told the employer during the investigation, the claimant did bring loaded guns to work. 7. The employer discharged the claimant for bringing a gun to work and for lying during the investigation about not bringing loaded weapons into the work place.

Based on the above, the Board determined that during Employer's investigation with respect to guns at the work place, Claimant denied having loaded weapons at work. However, Employer's investigation revealed that Claimant did bring a loaded gun to work. Claimant's conduct in lying about bringing loaded guns to the work place during Employer's investigation constituted a disregard of the standards of behavior which the employer had a right to expect and as such, the Board denied Claimant benefits. This appeal followed.[2]

Claimant initially argues that there was no policy prohibiting guns at the work place. In *Bolden v. Chartiers Valley School District*, 869 A.2d 1134 (Pa.Cmwlth. 2005), a bus supervisor employed by the district inadvertently brought a gun to school and was disciplined by the school district. The bus supervisor claimed that the district did not have a formal policy prohibiting such inadvertent conduct. This court, relying on an unemployment case wherein the employer also did not have a formal policy prohibiting certain conduct, stated:

There is no requirement that a school district have a policy specifically prohibiting every circumstance that could result in discipline. Indeed, where common sense dictates that certain actions are grounds for discipline, we have held

in other contexts that there need not be a policy prohibiting such conduct.... *See, e.g. Denardis v. Unemployment Compensation Board of Review,* 76 Pa. Cmwlth. 212, 463 A.2d 116 (1983) (employer need not have a policy prohibiting the use of company property for personal use because no such policy is necessary for an employee to understand the wrongfulness of that conduct). The same logic applies here.

Here, although there was no policy prohibiting guns at work and then lying about it, such a policy was not necessarily needed and in addition, we note that Claimant was not fired for violating a policy. Rather, Claimant was fired for bringing a loaded gun to work and lying to Employer about it during Employer's investigation.

As to the investigation, at which time Claimant was warned that he would be fired if he lied, Claimant maintains that he did not lie. In addressing this argument, we note that the Board is the ultimate fact finder, is empowered to resolve conflicts in the evidence and to determine the credibility of witnesses. *Goppman v. Unemployment Compensation Board of Review,* 845 A.2d 946 (Pa.Cmwlth.2004).

According to Employer's witness, when interviewed, Claimant denied having a loaded gun at work. Employer's investigation, however, revealed that Claimant did bring a gun to work with a clip. Specifically, a co-worker testified that a couple of times Claimant brought guns to the workplace and then removed the clip before handing it to him. After the co-worker examined it, Claimant returned the

---

**2.** Our review is limited to determining whether constitutional rights were violated, errors of law were committed, or essential findings of fact are supported by substantial evidence.

*Lee Hospital v. Unemployment Compensation Board of Review,* 161 Pa.Cmwlth. 464, 637 A.2d 695 (1994).

gun to his holster.[3] In addition, it was reported that Claimant also cleaned his gun at work. Although Claimant maintains that he did not lie, the Board credited the testimony of Employer's witness that Claimant stated during the investigation that he never had a loaded gun at work when, in fact, he did. Such activity of lying to Employer about having a loaded gun at work constitutes an act of wanton or willful disregard of Employer's interest and a disregard of behavior which Employer has a right to expect.

In accordance with the above, the decision of the Board is affirmed.

### ORDER

Now, August 10, 2005, the decision of the Unemployment Compensation Board of Review, in the above-captioned matter, is affirmed.

---

**3.** Employer also introduced affidavits from other co-workers stating that Claimant brought guns to work between five and ten times, that Claimant brought a gun to work almost everyday and that they did not want to come to work because of the atmosphere.