399 A.2d 1084

COMMONWEALTH of Pennsylvania

v.

Vincent ROBINSON, Appellant.

Superior Court of Pennsylvania.

Submitted June 12, 1978.

Decided March 16, 1979.

Petition for Allowance of Appeal Granted June 1, 1979.

346

John W. Packel, Assistant Public Defender, Chief, Appeals Division, Leonard Sosnov, Assistant Defender, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

SPAETH, Judge:

This is an appeal from judgment of sentence for statutory rape.[1]

The complainant testified that appellant had sexual intercourse with her on January 1, 1977, when she was 13 years

1.  Section 3122 of the Crimes Code reads: "A person who is 18 years of age or older commits statutory rape, a felony of the second degree, when he engages in sexual intercourse with another person, not his spouse who is less than 14 years of age."

old. N.T. 14. The Commonwealth called appellant's sister, Yvonne Smith, for the purpose of proving appellant's age. She testified that she had personal knowledge that appellant was over 18 on January 1, 1977. As a foundation for this testimony, she stated that she was 19 years older than appellant; that she was not present at his birth, but saw him three days later, on November 12 or 13, 1958, N.T. 10, 11; that he was born in Abington Hospital; and, finally, that her mother's name was Doris and her father's name, Emanuel, N.T. 13. On cross-examination, she conceded that her estimation of appellant's age was an "approximation", based on how long she thought he had been out of school. N.T. 12. Later in the trial, appellant's counsel recalled Mrs. Smith as a witness on appellant's behalf and she testified that "his birthday is November 9th of this year [1977]. He should be 19, I guess." N.T. 36.

Appellant argued in his post-verdict motions, and argues to us, (1) that the Commonwealth failed to prove beyond a reasonable doubt that he was over 18 on the date of the incident, and (2) that Section 3102 of the Crimes Code[2] is unconstitutional because it does not allow a defendant to prove that he labored under a reasonable mistake of fact as to the age of the victim.

1

It is axiomatic that "we must review the evidence in the light most favorable to the Commonwealth, the verdict winner, and accept every reasonable inference arising from that evidence in support of [its] position." *Commonwealth v. Wright*, 449 Pa. 358, 360, 296 A.2d 746, 747 (1972). It is also true, however, that "a verdict of guilt may not be based upon surmise or conjecture." *Commonwealth v. Farquhar-*

2. Section 3102 reads: "Whenever in this chapter [chapter 31] the criminality of conduct depends on a child being below the age of 14 years, it is no defense that the actor did not know the age of the child, or reasonably believed the child to be the age of 14 years or older. When criminality depends on the child's being below a critical age other than 14 years, it is a defense for the actor to prove by a preponderance of the evidence that he reasonably believed the child to be above the critical age."

*son*, 467 Pa. 50, 60, 354 A.2d 545, 550 (1976). In applying these principles here, the critical question is whether the Commonwealth laid a sufficient foundation for the introduction of Yvonne Smith's testimony.

■ There is a paucity of Pennsylvania case law as to what foundation must be laid before a witness may testify that another person is over a particular age. The general rule seems to be that "the best proof of age is the testimony of living witnesses who were present at the birth and distinctly remember the event, or who, although not present, yet were so situated as to have positive knowledge and remembrance of the date thereof." *Messina v. New York Life Ins. Co.*, 173 Miss. 378, 161 So. 462, 464 (1935); *see also Howard v. Kentucky Alcoholic Beverage C. Board*, 294 Ky. 429, 172 S.W.2d 46 (1943); *Harris v. Switchmen's Union of North America*, 237 S.W. 155 (Mo.App.1922); *Southern Ins. Co. v. Tate*, 22 Ala.App. 72, 112 So. 365 (1927). Some courts have cautioned that in admitting this type of evidence, "[m]uch must be left to the discretion of the trial judge . . . ." *McLoughlin v. Sheehan*, 250 Mass. 132, 145 N.E. 259, 261 (1924). In *State v. Gray*, 292 N.C. 270, 233 S.E.2d 905 (1977), the Supreme Court of North Carolina was confronted with a problem similar to the one we face. It adopted "the rule that lay witnesses with an adequate opportunity to observe and who have in fact observed may state their opinion regarding the age of the defendant in a criminal case when the fact that he was at the time in question over a certain age is one of the essential elements to be proved by the state. It is important to note that the exact age of the defendant is not in issue, nor need the state prove it. It must prove only that he was at the time of the offense charged over 16." 292 N.C. at 287, 233 S.E.2d at 916.

■ We believe that the North Carolina Court's statement of the law is a good one, and that it has been met here. Although Yvonne Smith was not present at appellant's birth, her testimony, if accepted, showed that she was "so

situated as to have positive knowledge and remembrance of the date thereof."[3] In *Commonwealth v. Walker*, 234 Pa. Super. 433, 340 A.2d 858 (1975), *modified on other grounds*, 468 Pa. 323, 362 A.2d 227 (1976), the Commonwealth successfully proved that the appellant was over 16 by showing that he had told the prosecutrix that he was 21. We said there: "Although such evidence was not conclusive, it along with other facts and circumstances tended to prove that appellant was over the age of 16." 234 Pa.Super. at 435, 340 A.2d at 859.[4] Yvonnne Smith did on cross-examination qualify her statement of appellant's age as an "approximation", but this feature of her testimony was for the judge, sitting without a jury, to appraise. He could choose to accept her direct testimony that she first saw appellant on November 12 or 13, 1958, especially given her testimony, when she was recalled as a witness by appellant, that appellant would be 19 on "November 9th of this year [1977]", in other words, that he *had* been born in 1958, and therefore was 18 on January 1, 1977, when the incident in question here occurred. Her addition of the words, "I guess", to her statement on recall did reduce her testimony to mere surmise;

**3.** There are other ways the Commonwealth might have proved appellant's age, but they were perhaps not practical in this instance. Yvonne Smith testified that her mother was sick; she may therefore have been unable to testify about appellant's age. N.T. 12. The record is not clear whether the Commonwealth tried to procure appellant's birth certificate, but failed.

**4.** It is not apparent whether the evidence in *Walker* was stronger or weaker than in the present case. A person's statement about his date of birth is based on hearsay in that someone or some document must have told him when he was born. If the statement is admitted as an admission by a party—which seems to have been so in *Walker* —there may be no inquiry as to its reliability, for an admission comes in simply because it *is* an admission. If the statement is admitted as within the pedigree exception to the hearsay rule, *see* McCormick, Evidence § 322 (2d Ed. 1972), this will be in recognition of the fact that in most cases the family member who dispensed the information in question was truthful, or at least had no motive not to be; but there are bound to be cases where family members make mistakes about vital information of others in the family, even when they have gained their knowledge firsthand and not from a birth certificate.

again, it was for the judge to appraise the extent of this qualification.[5]

## 2

Appellant's argument that Section 3102 is unconstitutional breaks down into several parts. First, appellant argues that because Section 3102 prohibits him from claiming that he reasonably believed that the victim was 14 years or older, it results in the imposition of strict liability and should therefore be declared invalid under the Pennsylvania Constitution by virtue of *Commonwealth v. Koczwara*, 397 Pa. 575, 155 A.2d 825 (1959), *cert. denied* 363 U.S. 848, 80 S.Ct. 1624, 4 L.Ed.2d 1731 (1960). Second, appellant argues that federal constitutional principles require that the section be declared invalid. Finally, appellant argues that the section is invalid because it conflicts with several other provisions of the Crimes Code.

We find no constitutional invalidity. *Commonwealth v. Koczwara, supra*, is distinguishable. There, the Supreme Court held that a barowner could not be imprisoned where he was vicariously liable for an employee's service of liquor to minors. 397 Pa. at 586, 155 A.2d at 838. Appellant is not being held liable for anyone else's actions. Appellant has cited no case that demonstrates a federal constitutional claim. The Court of Appeals for the First Circuit has stated:

> The Supreme Court has never held that an honest mistake as to the age of the prosecutrix is a constitutional defense to statutory rape, and nothing in the Court's recent decisions clarifying the scope of procreative privacy, suggests that a state may no longer place the risk of a mistake as to the prosecutrix's age on the person engaging

5. Appellant finds this case like *Commonwealth v. Bennett*, 224 Pa. Super. 238, 303 A.2d 220 (1973). There, we were confronted with a witness whose testimony was " 'so contradictory on the essential issues that any finding by the jury would be a mere guess . . . when the testimony is so contradictory on the basic issues as to make any verdict based thereon pure conjecture . . . the jury should not be permitted to consider it'." 224 Pa.Super. at 240, 303 A.2d at 221 (citation omitted). This is not such a case.

in sexual intercourse with a partner who may be young enough to fall within the protection of the statute. (citations omitted) *Nelson v. Moriarty,* 484 F.2d 1034, 1035–1036 (1st Cir.1973).

Nor is appellant's final argument persuasive. Appellant argues that Section 3102 is in conflict with Sections 302,[6] 304,[7] and 305[8] of the Crimes Code. These provisions deal with general guidelines on culpability for the whole of the

**6.** Section 302 in pertinent part reads: "Minimum requirements of culpability.—Except as provided in section 305 of this title (relating to limitations on scope of culpability requirements), a person is not guilty of an offense unless he acted intentionally, knowingly, recklessly or negligently, as the law may require, with respect to each material element of the offense."

**7.** Section 304 reads: "Ignorance or mistake as to a matter of fact, for which there is reasonable explanation or excuse, is a defense if:
(1) the ignorance or mistake negatives the intent, knowledge, belief, recklessness, or negligence required to establish a material element of the offense; or
(2) the law provides that the state of mind established by such ignorance or mistake constitutes a defense."

**8.** Section 305 reads:
**§ 305. Limitations on scope of culpability requirements**
(a) **When culpability requirements are inapplicable to summary offenses and to offenses defined by other statutes.**—The requirements of culpability prescribed by section 301 of this title (relating to requirement of voluntary act) and section 302 of this title (relating to general requirements of culpability) do not apply to:
(1) summary offenses, unless the requirement involved is included in the definition of the offense or the court determines that its application is consistent with effective enforcement of the law defining the offense; or
(2) offenses defined by statutes other than this title, in so far as a legislative purpose to impose absolute liability for such offenses or with respect to any material element thereof plainly appears.
(b) **Effect of absolute liability in reducing grade of offense to summary offense.**—Notwithstanding any other provision of existing law and unless a subsequent statute otherwise provides:
(1) when absolute liability is imposed with respect to any material element of an offense defined by a statute other than this title and a conviction is based upon such liability, the offense constitutes a summary offense; and
(2) although absolute liability is imposed by law with respect to one or more of the material elements of an offense defined by a

Crimes Code, while we are confronted with the task of interpreting and applying a specific provision on sexual offenses. The Supreme Court has said: "It is a familiar rule that where there is a conflict between two provisions of a statute, one of which is specific and the other merely general, the specific provisions thereof will control unless it is clear that the legislature intended otherwise, or some other canon of statutory construction compels a contrary conclusion." *Wait's Estate*, 336 Pa. 151, 154, 7 A.2d 329, 330 (1939). Likewise, the Statutory Construction Act provides:

> Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S.A. § 1933 (Purdon's Supp.1978–79).[9]

Section 3102, as amended in 1976, which was three years after the sections on which appellant relies were enacted, represents a clear legislative desire that with respect to certain sexual offenses, a defendant cannot prove his reasonable belief regarding the victim's age as a defense.

Judgment of sentence affirmed.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision in this case.

statute other than this title, the culpable commission of the offense may be charged and proved, in which event negligence with respect to such elements constitutes sufficient culpability and the classification of the offense and the sentence that may be imposed therefor upon conviction are determined by section 106 of this title (relating to classes of offenses) and Chapter 11 of this title (relating to authorized disposition of offenders).
1972, Dec. 6, P.L. 1482, No. 334, § 1, eff. June 6, 1973.

**9.** Appellant says that 1 Pa.C.S.A. § 1933 (Purdon's Supp.1978–79) is only applicable where two statutes are in conflict. While this is true, we think it gives guidance in the situation before us.