438 A.2d 964

**COMMONWEALTH of Pennsylvania,**

v.

**Vincent ROBINSON, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 26, 1981.

Decided Dec. 30, 1981.

John W. Packel, Chief, Appeals Div., Leonard N. Sosnov, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Steven Cooperstein, Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION

NIX, Justice.

This is an appeal, by allowance, from the Superior Court which unanimously affirmed the appellant's conviction for statutory rape.[1]

The pertinent facts are as follows. Harriet Saunders, the complainant, testified at trial that she was born on July 23, 1963, making her 13 years old at the time this incident took place on January 1, 1977. The complainant further testified that she consented to have sexual intercourse with the appellant at his home some time during the evening hours and that after leaving the appellant's home, she went to her girlfriend's house, and from there to Thomas Jefferson University Hospital. The Commonwealth called appellant's sister, Yvonne Smith, for the purpose of proving appellant's age. She testified that she had personal knowledge that appellant was over 18 on January 1. As a foundation for this testimony, she stated that she was 19 years older than the appellant; that she was not present at his birth, but saw him three days later on November 12 or 13, 1958; that he was born in Abington Hospital; and finally, that his mother's name was Doris and his father's name, Emanuel. On

---

1. 18 Pa.C.S.A. § 3102 reads:
   Whenever in this chapter [chapter 31] the criminality of conduct depends on a child being below the age of 14 years, it is no defense that the actor did not know the age of the child, or reasonably believed the child to be the age of 14 years or older. When criminality depends on the child's being below a critical age other than 14 years, it is a defense for the actor to prove by a preponderance of the evidence that he reasonably believed the child to be above the critical age.

cross-examination, she conceded that her estimation of appellant's age was an "approximation," based on how long she thought he had been out of school. Later in the trial, appellant's counsel recalled Mrs. Smith as a witness on appellant's behalf and she testified that "his birthday is November 9th of this year [1977]. He should be 19, I guess."

The appellant was found guilty of statutory rape after a trial before the Honorable Charles A. Lord, sitting without a jury, on April 6, 1977, and was sentenced to two years probation on September 26, 1977. The appellant appealed to the Superior Court, which affirmed in an unanimous opinion authored by Judge Spaeth. *Commonwealth v. Robinson*, 264 Pa.Super.Ct. 345, 399 A.2d 1084 (1979).

In this appeal, the appellant asserts (1) that the Commonwealth failed to prove beyond a reasonable doubt that he was over 18 on the date of the incident, and (2) that Section 3102 of the Criminal Code is unconstitutional because it does not allow the appellant to prove that he labored under a reasonable mistake of fact as to the age of the victim. On this second contention, he further argues that he should receive a new trial because he was convicted on this felony on the basis of strict criminal liability without proof of *mens rea* or culpability in violation of his right to due process of law as guaranteed by Article 1, Section 9 of the Pennsylvania Constitution and the Fourteenth Amendment of the United States Constitution.

As to the appellant's first claim, sufficiency of the evidence, the sole argument advanced by the appellant is that the testimony produced to show that appellant was over 18 years old at the time of the incident was so weak and inconclusive as to be insufficient as a matter of law to establish that he was older then eighteen. This claim is conspicuously groundless.

This Court has made it clear that evidence otherwise sufficient will be found insufficient only if it is *patently* unreliable. *Commonwealth v. Hudson*, 489 Pa. 620, 414 A.2d 1381 (1980); *Commonwealth v. Whack*, 482 Pa. 137, 393

A.2d 417 (1978). The testimony of Yvonne Smith, the appellant's sister, was sufficiently reliable and consistent to allow the factfinder to determine that the defendant was older than 18 years of age. Her responses to questions concerning the appellant's age were thoughtful and based on her recollection of facts. The mere addition of the words "I guess" by the witness to her last answer, after stating once again that the appellant would be 19 in 1977, does not render her testimony fatally unreliable under the holding stated in *Commonwealth v. Farquharson*, 467 Pa. 50, 354 A.2d 545 (1976). Since her use of the expression "I guess" did not require the factfinder to conjecture to what the appellant's age was and since it was for the factfinder to appraise the extent of this qualification, her testimony was sufficient to support the factfinder's verdict with reason and not surmise. Thus, it is readily apparent that the evidence produced at trial was sufficient to sustain appellant's conviction.

■ The appellant's second argument is as equally unfounded as his first. It is well settled that legislative enactments are clothed with a presumption of constitutional validity. *National Wood Preserves, Inc. v. Commonwealth, Department of Environmental Resources*, 489 Pa. 221, 414 A.2d 37 (1980). In requesting this Court to find that 18 Pa.C.S.A. § 3102, a duly enacted statute, is unconstitutional in that it was afoul of Article I, § 9 of the Pennsylvania Constitution,[2] the appellant carries the heavy burden of demonstrating that the statute clearly, palpably, and plainly violates the Constitution. *Wajert v. State Ethics Commission*, 491 Pa. 255, 262 n. 6, 420 A.2d 439, 442 n. 6 (1980); *In re Williams L.*, 477 Pa. 322, 382 A.2d 1228 (1978); *Daly v.*

2. Article I, § 9 reads:
    In all criminal prosecutions the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to meet the witnesses face to face, to have compulsory process for obtaining witnesses in his favor, and, in prosecutions by indictment or information, a speedy public trial by an impartial jury of the vicinage; he cannot be compelled to give evidence against himself, nor can he be deprived of his life, liberty, or property, unless by the judgment of his peers or the law of the land.

54

*Hemphill*, 411 Pa. 263, 191 A.2d 835 (1963). Because the appellant has failed to meet the burden of proving that § 3102 of the Crimes Code clearly contravenes the right to due process of law, there is no basis for a finding of constitutional invalidity.

■ The touchstone of due process is protection of the individual against arbitrary action of the government. *Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974). The operation of § 3102 to bar the defense of age in the case of statutory rape cannot be said to be an arbitrary law. In an exercise of its police powers, the legislature rationally may require that one eighteen years of age or older who engages in sexual intercourse with a child below fourteen years of age does so at his own peril. Such activity may be punished criminally if the child is indeed under fourteen years. In that event, a defendant may be denied the defense as to mistake or misrepresentation as to the child's age.

■ The primary consideration in prohibiting unlawful, consensual intercourse with an underage female has been traditionally attributed to the legislative desire to protect those who are too unsophisticated to protect themselves. *Commonwealth v. Walker*, 468 Pa. 323, 335, 362 A.2d 227, 232 (1976). Although due process considerations impose some limitations on the absence of a knowledge requirement from the definition of a criminal offense, *see, e.g., Lambert v. California*, 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957), due process does not require that the appellant be afforded the defense of mistake of the victim's age in a statutory rape prosecution.[3] Thus, the Pennsylvania legislature, in

**3.** *Commonwealth v. Koczwara*, 397 Pa. 575, 155 A.2d 825 (1959), *cert. denied* 363 U.S. 848, 80 S.Ct. 1624, 4 L.Ed.2d 1731 (1960), clearly does not mandate a different result. As noted by the Superior Court in its opinion in the instant case, *Koczwara* held that a bar owner could not be imprisoned where he was *vicariously* liable for the act of an employee. Here, by contrast, there is no question of appellant's liability for actions of anyone else. He was held liable for his own actions only. *Commonwealth v. Robinson, supra* 264 Pa.Super. at 351, 399 A.2d 1084. Thus, *Koczwara* does not aid appellant's constitutional claim.

line with a substantial majority of legislatures which have addressed this issue, has determined that it will not provide for a reasonable mistake of age as a defense.[4] As such, the appellant is not entitled to relief.[5]

Judgment of Sentence Affirmed.

KAUFFMAN, J., filed a dissenting opinion in which LARSEN and FLAHERTY, JJ., joined.

KAUFFMAN, Justice, dissenting.

I dissent from that part of the Court's opinion which upholds the constitutionality of Section 3102 of the Crimes Code.[1]

**4.** Numerous jurisdictions have enacted into law statutes which uphold the common law notion that reasonable mistake of age is not a defense to a charge of statutory rape. These are: Colorado (C.R.S. § 18–3–406(1); Indiana (I.S.A. § 35–42–4–3(e); Maine (17A M.R. S.A. § 252); Minnesota (M.S.A. § 609.342(a); Washington (R.C. W.A. § 9A.44.030). The following states have also removed the defense by legislative enactment: Florida (F.S.A. § 794.021); Louisiana (L.S.A.–R.S. § 14:80); Missouri (V.A.M.S. § 566.020); Montana (M.S.A. § 94–5–506(1); Ohio (O.R.C.A. § 2907.02(A)(3); Oregon (O.R.S. § 163.325(1); Wyoming (W.S.A. § 6–4–308).

**5.** Appellant argues that § 3102 is an irrational exception to the general culpability requirements of the Crimes Code. In light of the widespread acceptance of the idea that mistake of age should not be a defense to a statutory rape conviction, § 3102 hardly can be termed irrational. Our Crimes Code shares its basic culpability requirements with the Model Penal Code on which it is based. The Model Penal Code, like the Pennsylvania statute, bars the defense of mistake of age where the female is below a designated age. Although the Model Penal Code sets the age at ten, Model Penal Code, Proposed Official Draft, §§ 213.1 and 213.6, pp. 142 and 149–150, certainly the legislature may, consistently with considerations of due process, determine as a matter of public policy that the still tender age of fourteen is appropriate. Furthermore, prior case law in Pennsylvania held that mistake of age was no defense to a charge of contributing to the delinquency of a minor, since it would not be a defense to a charge of statutory rape. *Commonwealth v. Sarricks*, 161 Pa.Super.Ct. 577, 56 A.2d 323 (1948). Thus, the legislature's determination to bar the defense was based on a long-standing and widely accepted principle of law and public policy, and may not be invalidated as irrational.

**1.** Act of December 6, 1972, P.L. 1462, No. 334, § 1, *as amended*, 18 Pa.C.S.A. § 3102. Section 3102 provides:

§ 3102. Mistake as to age

Appellant was precluded by Section 3102 from asserting as a defense to the charge of statutory rape undisputed evidence that the complainant deliberately misrepresented her age as sixteen and that appellant reasonably believed her misrepresentation.[2] Appellant was thus unfairly convicted of a serious felony on the basis of strict criminal liability without any showing of criminal intent, negligence or recklessness.

More than twenty years ago, this Court held that imprisonment on the basis of vicarious criminal liability without a showing of *mens rea* would deny due process of law under Article I, Section 9 of the Pennsylvania Constitution. *Commonwealth v. Koczwara*, 397 Pa. 575, 583–585, 155 A.2d 825, 829–830 (1959). *See Commonwealth v. Field*, 490 Pa. 519, 417 A.2d 160 (1980) (inferring culpability requirement for homicide by vehicle conviction). Today, however, the majority upholds a felony conviction where there not only has been no showing of *mens rea*, but the accused has been precluded from proving his assertion that he was misled to form the reasonable belief that he was committing no crime.[3]

Under the circumstances of this case, a felony conviction, carrying the possible penalty of a lengthy prison term,

Whenever in this chapter the criminality of conduct depends on a child being below the age of 14 years, *it is no defense that the actor did not know the age of the child, or reasonably believed the child to be the age of 14 years or older.* When criminality depends on the child's being below a critical age other than 14 years, it is a defense for the actor to prove by a preponderance of the evidence that he reasonably believed the child to be above the critical age. 18 Pa.C.S.A. § 3102 (Emphasis supplied).

**2.** The felony of statutory rape, which carries a penalty of up to ten years' imprisonment, is an offense based solely on the ages of the accused and the complainant. 18 Pa.C.S.A. § 3122. Section 3122 of the Crimes Code makes criminal sexual intercourse between a person eighteen years old or older and a person below the age of fourteen. *Id.* At the time of the incident leading to prosecution in this case, appellant was apparently eighteen, while complainant was thirteen and a half years old.

**3.** It is undisputed that the complainant gave a false name to appellant, misrepresented her age and freely consented to the act of sexual intercourse giving rise to this prosecution.

without a finding of criminal intent is unduly harsh and offensive to the due process protections of both the Pennsylvania and United States Constitutions. I agree with the enlightened view expressed by the appellate courts of several states that a felony conviction in circumstances similar to that presented here should not be obtained without some showing of criminal intent.[4] As the California Supreme Court has cogently stated:

> [I]f the [accused] participates in a mutual act of sexual intercourse, believing his partner to be beyond the age of consent, with reasonable grounds for such belief, where is his criminal intent? In such circumstances he has not consciously taken a risk. Instead he had subjectively eliminated the risk by satisfying himself on reasonable evidence that the crime cannot be committed. If it occurs that he has been misled, we cannot realistically conclude that for such reason alone the intent with which he understood the act suddenly becomes more heinous.

*People v. Hernandez*, 61 Cal.2d 529, 39 Cal.Rptr. 361, 393 P.2d 673, 676 (1964). *See also State v. Guest*, 583 P.2d 836 (Alaska 1978) (recognizing universal rule that conduct cannot be criminal unless the accused was conscious of some wrongdoing); *Walker v. State*, 356 So.2d 672 (Ala.1977) (due process restrains legislature's power to create strict liability crimes).[5]

Rather than summarily dismissing appellant's constitutional claim, as does the majority, I would hold unconstitutional that part of Section 3102 which denies an accused the opportunity to offer proof of reasonable belief as to age and remand this case to the trial court to permit appellant to

---

**4.** While not deciding that every crime must be based on a finding of criminal intent, the United States Supreme Court has recognized that the Due Process Clause limits the power of state legislatures to establish strict liability offenses. *See Lambert v. California*, 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957); *Morissette v. United States*, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1951).

**5.** Some states have expressed the same view through legislation. *See, e.g.*, Arizona, Ariz.Rev.Stat.Ann. § 13–1407(B); Arkansas, Ark. Stat.Ann. § 41–1802(3); Montana, Mont.Rev.Codes Ann. § 94–5–601.

58

raise as a defense his reasonable belief that the complainant's misrepresentation as to her age was true.[6]

LARSEN and FLAHERTY, JJ., join in this dissenting opinion.

**6.** This result would not require a finding that the statutory rape statute, Section 3122, is unconstitutional, but only that appellant must be permitted to show that he had been misled into believing that he was committing no crime.