LILLEHAUG, Justice.
*342 Appellant Christopher Lee Holloway was charged with third- and fourth-degree criminal sexual conduct for engaging in sexual penetration and sexual contact with J.D., a 14-year-old boy. Before trial, Holloway brought a motion to declare Minnesota Statutes §§ 609.344, subd. 1(b), 609.345, subd. 1(b) (2016), unconstitutional. These provisions prohibit, respectively, sexual penetration and sexual conduct where "the complainant is at least 13 but less than 16 years of age and the actor is more than 24 months older than the complainant." Minn. Stat. § 609.344, subd. 1(b) ; Minn. Stat. § 609.345, subd. 1(b) (applying to actors "more than 48 months older than the complainant"). The statutes provide a mistake-of-age defense, but only to actors who are "no more than 120 months older than the complainant." Minn. Stat. §§ 609.344, subd. 1(b), 609.345, subd. 1(b).
Before trial, Holloway brought a motion to declare the statutes unconstitutional, arguing that, by preventing him from asserting a mistake-of-age defense, they violated the guarantees of substantive due process and equal protection under the federal and state constitutions. The district court denied Holloway's motion, and a jury convicted him on both counts. The court of appeals affirmed Holloway's conviction, holding that the statutes did not violate substantive due process or equal protection, and that the statutes did not impose strict liability. State v. Holloway , 905 N.W.2d 20, 29 (Minn. App. 2017).
We affirm.
FACTS
On December 21, 2014, Rochester police responded to a phone call from the mother of J.D.-a 14-year-old boy-after she found J.D. in bed with appellant Christopher Lee Holloway, a 44-year-old man. J.D. and Holloway were naked, and Holloway fled after being discovered. J.D. was taken to the hospital, where he told police that he had met Holloway on "Grindr," a dating application on his cell phone. J.D. told police that he and Holloway had exchanged text messages on Grindr for several hours, and that Holloway then asked J.D. if he could come over. Holloway came to J.D.'s mother's house in the middle of the night. In J.D.'s bedroom, Holloway and J.D. engaged in anal and oral sex. Officers later obtained a warrant to search Holloway's cell phone, and this search produced *343 evidence that (1) J.D. and Holloway had also engaged in sexual acts on December 20, and (2) while messaging on Grindr, J.D. had told Holloway that he was 18 years old.[1]
Respondent State of Minnesota charged Holloway with two counts-(1) third-degree criminal sexual conduct for "engag[ing] in sexual penetration with ... [a] victim who is at least 13 but less than 16 years of age," Minn. Stat. § 609.344, subd. 1 (b); and (2) fourth-degree criminal sexual conduct for "engag[ing] in sexual contact with ... [a] victim, being at least 13 but less than 16 years of age," Minn. Stat. § 609.345, subd. 1(b). Each statute provides a mistake-of-age defense only to actors who are "no more than 120 months older than the complainant." Minn. Stat. §§ 609.344, subd. 1(b), 609.345, subd. 1(b). For all other actors, "mistake as to the complainant's age shall not be a defense." Minn. Stat. §§ 609.344, subd. 1(b), 609.345, subd. 1(b).
Before trial, Holloway-being 30 years older than J.D.-brought a motion to declare sections 609.344, subdivision 1(b), and 609.345, subdivision 1(b), unconstitutional because they prevented him from asserting a mistake-of-age defense. The district court denied Holloway's motion, concluding that the statutes violated neither substantive due process nor equal protection. The trial proceeded, and the jury found Holloway guilty on both counts.
Holloway appealed, and the court of appeals affirmed his conviction. Holloway , 905 N.W.2d at 22. First, the court relied on State v. Wenthe , 865 N.W.2d 293 (Minn. 2015), to conclude that the statutes did not unconstitutionally impose strict liability. Holloway , 905 N.W.2d at 24. Second, the court concluded that, applying rational-basis review, "Holloway's substantive due process rights were not violated by his inability to raise a mistake-of-age defense." Id. at 26. Third, applying Minnesota's rational-basis test, the court concluded that Holloway's equal protection claim failed. Id. at 27.
We granted Holloway's petition for review.
ANALYSIS
Holloway raises three issues for us to decide. Each concerns the constitutionality of Minnesota Statutes §§ 609.344, subd. 1(b), 609.345, subd. 1(b).
Section 609.344, subdivision 1(b), makes it a crime to engage in "sexual penetration"[2] if:
[T]he complainant is at least 13 but less than 16 years of age and the actor is more than 24 months older than the complainant. In any such case, if the actor is no more than 120 months older than the complainant, it shall be an affirmative defense, which must be proved by a preponderance of the evidence, that the actor reasonably believes the complainant to be 16 years of age or older. In all other cases, mistake as to the complainant's age shall not be a defense. Consent by the complainant is not a defense....
*344 Minn. Stat. § 609.344, subd. 1(b). Section 609.345, subdivision 1(b), is identical in all relevant parts, except that it prohibits unlawful "sexual contact."[3]
Holloway first argues that his right to substantive due process was violated because these statutes prevent him from raising a mistake-of-age defense. Second, Holloway argues that his right to equal protection was violated because the statutes permit an actor "no more than 120 months older than the complainant" to raise a mistake-of-age defense, but prevent him from raising that same defense. Third, he argues that the statutes are unconstitutional because they impose strict liability. We address each argument in turn.[4]
I.
Holloway first argues that Minnesota Statutes §§ 609.344, subd. 1(b), 609.345, subd. 1(b), violate substantive due process by limiting a mistake-of-age defense to defendants who are no more than 120 months older than the complainant.
"Whether a law or government action violates substantive due process is a constitutional question, which we review de novo." State v. Rey , 905 N.W.2d 490, 495 (Minn. 2018). "Minnesota statutes are presumed constitutional and ... our power to declare a statute unconstitutional must be exercised with extreme caution and only when absolutely necessary." Hamilton v. Comm'r of Pub. Safety , 600 N.W.2d 720, 722 (Minn. 1999).
The federal and state constitutions provide that the government shall not deprive any person of "life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1 ; Minn. Const. art. I, § 7. The due process protection provided under the state constitution is "identical to the due process guaranteed under the Constitution of the United States." Sartori v. Harnischfeger Corp. , 432 N.W.2d 448, 453 (Minn. 1988). These provisions "prohibit 'certain arbitrary, wrongful government actions, regardless of the fairness of the procedures used to implement them.' " Boutin v. LaFleur , 591 N.W.2d 711, 716 (Minn. 1999) (quoting Zinermon v. Burch , 494 U.S. 113, 125, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990) ).
Substantive due process analysis "depends on whether the statute implicates a fundamental right." State v. Bernard , 859 N.W.2d 762, 773 (Minn. 2015). If a fundamental right is implicated, we apply strict-scrutiny review, and will only find a statute constitutional if it "advance[s] a compelling state interest" and is "narrowly tailored to further that interest." SooHoo v. Johnson , 731 N.W.2d 815, 821 (Minn. 2007). If a statute does not implicate a fundamental right, rational-basis review applies, which "requires only that the statute not be arbitrary or capricious; in other words, the statute must provide a reasonable *345 means to a permissible objective." Boutin , 591 N.W.2d at 716.
A.
Holloway argues that sections 609.344, subdivision 1(b), and 609.345, subdivision 1(b), are unconstitutional because they deny him the fundamental right to have a fair trial and to present a complete defense. Thus, he argues that strict scrutiny should apply. The State argues that no fundamental right is implicated, and that rational-basis review should apply. We agree with the State.
A fundamental right is one that is "objectively, deeply rooted in this Nation's history and tradition." Washington v. Glucksberg , 521 U.S. 702, 720-21, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997) (citations omitted) (internal quotation marks omitted). Fundamental rights are " 'implicit in the concept of ordered liberty,' such that 'neither liberty nor justice would exist if they were sacrificed.' " Id. at 721 (quoting Palko v. Connecticut , 302 U.S. 319, 325-26, 58 S.Ct. 149, 82 L.Ed. 288 (1937) ). When claiming that a fundamental right exists, a party must provide "a 'careful description' of the asserted fundamental liberty interest." Id. (quoting Reno v. Flores , 507 U.S. 292, 302, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993) ). Cf. Montana v. Egelhoff , 518 U.S. 37, 42, 116 S.Ct. 2013, 135 L.Ed.2d 361 (1996) ("Respondent's task ... is to establish that a defendant's right to have a jury consider evidence of his voluntary intoxication in determining whether he possesses the requisite mental state is a 'fundamental principle of justice.' "). It follows that Holloway bears the burden to establish that his right to raise a mistake-of-age defense in the criminal-sexual-conduct context implicates a fundamental principle of justice.
The United States Supreme Court has stated that the "primary guide in determining whether the principle in question is fundamental is, of course, historical practice." Egelhoff , 518 U.S. at 43, 116 S.Ct. 2013. Minnesota historically has not permitted a mistake-of-age defense. What has been known as statutory rape-sexual conduct with a person not of the age of consent-has been a crime in Minnesota since it was first organized as a territory. See State v. Rollins , 80 Minn. 216, 83 N.W. 141, 142 (1900). For more than 130 years, the statutes prohibiting "sexual intercourse with a child" and "indecent liberties" did not permit a mistake-of-age defense. See Minn. Stat. § 609.295 (1974) ; Minn. Stat. § 609.296, subd. 2 (1974) ; Minn. Stat. § 617.02 (1965); Minn. Stat. § 617.08 (1965); Minn. Gen. Stat. ch. 98, § 8656 (1913); Minn. Gen. Stat. ch. 98, § 8663 (1913); Minn. Gen. Stat. ch. 92a, § 6524 (1894); Minn. Rev. Stat. (Terr.) ch. 100, § 40 (1851). In 1975, the criminal-sexual-conduct statutes were amended to permit a narrow mistake-of-age defense when the complainant was "at least 13 but less than 16 years of age and the actor ... [was] not in a position of authority." See Act of June 5, 1975, ch. 374, § 5, 1975 Minn. Laws 1243, 1247-48 (codified as amended at Minn. Stat. §§ 609.344, subd. 1(b), 609.345, subd. 1(b) (1976) ). In 2007, however, the Legislature amended the criminal-sexual-conduct statutes to limit the defense to actors who are "no more than 120 months older than the complainant." See Act of May 7, 2007, ch. 54, art. 2, § 4-5, 2007 Minn. Laws 1, 235, 237 (codified as amended at Minn. Stat. §§ 609.344, subd. 1(b), 609.345, subd. 1(b) (2008) ).
Thus, in the 160-year history of the state, the mistake-of-age defense that Holloway seeks was available for only 32 years. It cannot be said that Minnesota has a historical practice of recognizing a mistake-of-age defense in statutory rape cases.
*346 A second factor in determining whether a claimed right is fundamental is whether it has "uniform and continuing acceptance" across the nation. Egelhoff , 518 U.S. at 48, 116 S.Ct. 2013. That factor is not present here. In fact, the majority of states expressly prohibit raising any mistake-of-age defense in statutory rape cases. See, e.g. , Gaines v. State , 354 Ark. 89, 118 S.W.3d 102, 109 (2003) ; State v. Tague , 310 N.W.2d 209, 212 (Iowa 1981) ; Collins v. State , 691 So.2d 918, 923 (Miss. 1997) (collecting cases); Jenkins v. State , 110 Nev. 865, 877 P.2d 1063, 1067 (1994) ; State v. Vandermeer , 843 N.W.2d 686, 691 (N.D. 2014) ; Commonwealth v. Robinson , 497 Pa. 49, 438 A.2d 964, 967 (1981).
In sum, Holloway has failed to show that he was deprived of a fundamental right. See Morissette v. United States , 342 U.S. 246, 251 n.8, 72 S.Ct. 240, 96 L.Ed. 288 (1952) (stating that statutes that criminalize "sex offenses ... in which the victim's actual age was determinative despite defendant's reasonable belief that the girl had reached the age of consent" have long been recognized). As the United States Court of Appeals for the Tenth Circuit put it, "[t]he long history of statutory rape as a recognized exception to the requirement of criminal intent undermines [the] argument that the statute in question [precluding a mistake-of-age defense] offends principles of justice deeply rooted in our traditions and conscience." United States v. Ransom , 942 F.2d 775, 777 (10th Cir. 1991).[5]
B.
Having concluded that Holloway does not have a fundamental right to assert a mistake-of-age defense, we apply the rational-basis test to his substantive due process challenge. The challenged statutes are constitutional if they "provide a reasonable means to a permissible objective." Boutin , 591 N.W.2d at 716.
We have previously held that "protect[ing] children from sexual abuse and exploitation" is a legitimate legislative objective. State v. Muccio , 890 N.W.2d 914, 928 (Minn. 2017). The United States Supreme Court, and many other courts, recognize that government has a legitimate interest in protecting children from criminal sexual activity. See, e.g. , New York v. Ferber , 458 U.S. 747, 757, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982) ("The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance."); United States v. Malloy , 568 F.3d 166, 175 (4th Cir. 2009) ("The government has a compelling interest in protecting even children who lie about their age."); Gilmour v. Rogerson , 117 F.3d 368, 372 (8th Cir. 1997) ("The State may legitimately protect children from self-destructive decisions reflecting the youthful poor judgment that makes them, in the eyes of the law, 'beneath the age of consent.' ").
Plainly, it is not irrational for the Legislature to provide a mistake-of-age defense for only some, but not all, adults. Indeed, one of the purposes of the criminal-sexual-conduct statutes is to protect children from being subjected to sexual penetration or *347 sexual contact with adults, a permissible objective. A reasonable way to deter or sanction such conduct-and thereby protect children-is to preclude a mistake-of-age defense for certain adults.
Because precluding a mistake-of-age defense for certain adults is neither arbitrary nor capricious, and is a reasonable means to achieve a permissible objective, we hold that Minnesota Statutes §§ 609.344, subd. 1(b), 609.345, subd. 1(b), do not violate substantive due process under the federal or state constitutions.
II.
We turn next to Holloway's equal protection argument. He argues that Minnesota Statutes §§ 609.344, subd. 1(b), 609.345, subd. 1(b), violate equal protection because, based on the ages of the defendant and the complainant, they allow the mistake-of-age defense for some defendants, but not for others, such as Holloway.
The federal constitution guarantees "equal protection of the laws" to all persons within its jurisdiction. U.S. Const. amend. XIV, § 1. The state constitution guarantees that "[n]o member of this state shall be disenfranchised or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land or the judgment of his peers." Minn. Const. art. I, § 2.
We review alleged violations of equal protection de novo. Back v. State , 902 N.W.2d 23, 28 (Minn. 2017). "In the equal protection context, we presume Minnesota statutes are constitutional when they do not involve a fundamental right or a suspect class." State v. Johnson , 813 N.W.2d 1, 11 (Minn. 2012).
A.
"The threshold question in an equal protection claim is whether the claimant is treated differently from others to whom the claimant is similarly situated in all relevant respects." Johnson , 813 N.W.2d at 12 ; see also State v. Cox , 798 N.W.2d 517, 521 (Minn. 2011) ("[T]he Equal Protection Clause ... keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." (citation omitted) (internal quotation marks omitted) ). "[T]he Equal Protection Clause does not require that the State treat persons who are differently situated as though they were the same." Johnson , 813 N.W.2d at 12.
Holloway, a member of the class of defendants who are not permitted to raise a mistake-of-age defense, argues that, except for the factor of age, he is similarly situated to the class of defendants who are permitted to raise a mistake-of-age defense. We agree.
In the criminal-sexual-conduct statutes, the Legislature has divided the universe of defendants into two classes-those who may assert a mistake-of-age defense, and those who may not. See In re Welfare of Child of R.D.L. , 853 N.W.2d 127, 133 (Minn. 2014) (concluding that, despite "differences" between two groups of parents, the groups were "similarly situated" relative to "the best interests of the children"). The classification is based on an arithmetic calculation-the defendant's age relative to the age of the complainant. Both classes are subject to criminal liability for engaging in identical conduct-sexual penetration or sexual contact with a minor-and the elements the State has to prove are the same.[6] See Cox , 798 N.W.2d at 522 *348 (stating that two classes may be similarly situated where "the two statutes prohibit the same conduct"). Accordingly, defendants like Holloway are similarly situated to defendants who are allowed to raise a mistake-of-age defense.
B.
Having concluded that Holloway crosses the "similarly situated" threshold, we must next consider whether his equal protection rights have been violated. As with his substantive due process claims, the level of scrutiny applied to his equal protection claim depends on the nature of the challenged statute. Strict scrutiny applies if the challenge "involves a suspect classification or a fundamental right." Greene v. Comm'r of Minn. Dep't of Human Servs. , 755 N.W.2d 713, 725 (Minn. 2008). Age classifications, such as the one here, are not subject to strict scrutiny, but are instead subject to rational basis review. Bituminous Cas. Corp. v. Swanson , 341 N.W.2d 285, 289 (Minn. 1983) ; see also Kimel v. Fla. Bd. of Regents , 528 U.S. 62, 83, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000) ("[A]ge is not a suspect classification under the Equal Protection Clause.").
Holloway brings his equal protection claim under both the federal and state constitutions. Because age is not a suspect class, and because Holloway's claim does not implicate a fundamental right, we apply rational basis review to his claim.
Unlike substantive due process, Minnesota's rational-basis test is " 'a more stringent standard of review' than its federal counterpart." In re Durand , 859 N.W.2d 780, 784 (Minn. 2015) (quoting State v. Russell , 477 N.W.2d 886, 889 (Minn. 1991) ). Minnesota's rational-basis test has three requirements:
(1) The distinctions which separate those included within the classification from those excluded must not be manifestly arbitrary or fanciful but must be genuine and substantial, thereby providing a natural and reasonable basis to justify legislation adapted to peculiar conditions and needs; (2) the classification must be genuine or relevant to the purpose of the law; that is there must be an evident connection between the distinctive needs peculiar to the class and the prescribed remedy; and (3) the purpose of the statute must be one that the state can legitimately attempt to achieve.
Russell , 477 N.W.2d at 888 (quoting Wegan v. Village of Lexington , 309 N.W.2d 273, 280 (Minn. 1981) ).[7] We apply our rational-basis test here. See State v. Frazier , 649 N.W.2d 828, 830 (Minn. 2002).
1.
We first consider whether the state can legitimately attempt to achieve *349 the purpose of the statutes. At oral argument, Holloway's counsel conceded that there is a "compelling state interest" in protecting minors. Indeed, this is reflected in our case law. See, e.g. , Muccio , 890 N.W.2d at 928. The legislative history[8] of the 2007 amendment limiting the mistake-of-age defense shows clearly that the amendment had two purposes. First, the Legislature sought to protect children by eliminating the defense for certain adults, and especially for adults who prey upon younger children.[9] Second, by preserving the defense for teenagers and the youngest adults, the Legislature sought to protect from prosecution those defendants who might make a bona fide mistake during a romantic relationship. These are undoubtedly purposes that the Legislature can legitimately seek to achieve.
2.
We next consider whether the 120-month limitation on the mistake-of-age defense is "manifestly arbitrary." Wegan , 309 N.W.2d at 280. We have previously stated that "[i]f the classification has some reasonable basis, it does not offend the constitution simply because it is not made with mathematical nicety or because in practice it results in some inequality." Guilliams v. Comm'r of Revenue , 299 N.W.2d 138, 143 (Minn. 1980) (citation omitted) (internal quotation marks omitted). Put another way, "[t]he United States and Minnesota Constitutions do not require the Legislature to devise precise solutions to every problem." Rey , 905 N.W.2d at 495.
The limited mistake-of-age defense is not manifestly arbitrary. It fits logically in the statutory framework prohibiting criminal-sexual conduct.
Specifically, no mistake-of-age defense is available for any actor who engages in sexual contact or penetration with a child under the age of 13, and the actor may be imprisoned for up to 30 years. See Minn. Stat. §§ 609.342 -.343 (2016). If the child is between the ages of 13 and 16, there is a limited mistake-of-age defense if the actor is close in age to the child, not in a position of authority, and not in a "significant relationship" with the child. See Minn. Stat. §§ 609.344 -.345 (also stating that the maximum sentence the actor may face in these circumstances is 15 years imprisonment). Engaging in sexual conduct with a 16- or 17-year-old child may not be considered a criminal act, but if the child is 16 or 17 and the actor is in a position of authority or has a significant relationship with the child, the actor is guilty of criminal-sexual conduct, cannot assert a mistake-of-age defense, and faces a maximum sentence of 15 years imprisonment. See Minn. Stat. § 609.344, subd. 1(e).
This statutory framework shows that the Legislature determined that the younger the child, the greater the legal protection needed. As the legislative history to the 2007 amendment reflects, the Legislature recognized that an actor who is an older teenager or young adult might, in good faith, mistake a 15-year-old for a 16- or 17-year-old while pursuing a romantic relationship. Allowing only a limited mistake-of-age defense balances these legitimate interests, and furthers the overarching purpose of the criminal-sexual-conduct statutes in a manner that is not manifestly arbitrary.
3.
The final requirement of Minnesota's rational-basis test is that "the classification *350 must be genuine or relevant to the purpose of the law." Russell , 477 N.W.2d at 888. For the reasons discussed, the limited mistake-of-age defense satisfies this requirement. The "actual, and not just theoretical," effect of the 120-month limitation is to deny a mistake-of-age defense to certain adults, thereby affording more protection to younger children, a valid statutory goal. See id. at 889.
Because Minnesota Statutes §§ 609.344, subd. 1(b), 609.345, subd. 1(b), satisfy all three requirements of Minnesota's active-rational-basis test, we conclude that these statutes do not violate the state constitution's guarantee of equal protection. Because Minnesota's rational-basis test is "a more stringent standard of review," Russell , 477 N.W.2d at 889, than the federal rational-basis test, the federal test is also satisfied.
III.
Lastly, Holloway argues that Minnesota Statutes §§ 609.344, subd. 1(b), 609.345, subd. 1(b), are unconstitutional because the statutes impose strict liability. Because the statutes describe crimes of general intent, we disagree.
State v. Wenthe , 865 N.W.2d 293 (Minn. 2015), is dispositive here. In Wenthe , we reiterated the well-established rule that "[g]enerally, criminal sexual conduct offenses require only an intent to sexually penetrate, unless additional mens rea requirements are expressly provided." Id. at 302 ; see also State v. Bookwalter , 541 N.W.2d 290, 296 (Minn. 1995) (stating that criminal sexual conduct in the first degree requires "the general intent to sexually penetrate the victim").
The primary clause in section 609.344, subdivision 1, provides that "[a] person who engages in sexual penetration with another person is guilty of criminal sexual conduct in the third degree" if certain circumstances exist. Section 609.345, subdivision 1, has an identical primary clause, except the wrongful act is "engag[ing] in sexual contact." In Wenthe , we observed that "this structure suggests that mens rea attaches to the act described in the primary clause ... and not to the 'attendant circumstances' described later in the statute." 865 N.W.2d at 303. It follows that the statutes require the actor to have the general intent to engage in sexual penetration or sexual contact with the complainant.
Further, by their plain language, the statutes do not impose any additional mens rea requirement to the element that "the complainant is at least 13 but less than 16 years of age." Minn. Stat. § 609.344, subd. 1(b) ; Minn. Stat. § 609.345, subd. 1(b). By contrast, the Legislature provided additional mens rea requirements elsewhere in the criminal-sexual-conduct statutes. See Minn. Stat. § 609.344, subd. 1(d) (providing the attendant circumstance that "the actor knows or has reason to know that the complainant is mentally impaired, mentally incapacitated, or physically helpless" (emphasis added) ); Minn. Stat. § 609.345, subd. 1(d) (same). As we said in Wenthe , such drafting "caution[s] us against adding an implicit [mens rea] requirement in other[ provisions], because the Legislature could, and has, included a mens rea term when one was intended." Wenthe , 865 N.W.2d at 304.
Accordingly, we hold that Minnesota Statutes §§ 609.344, subd. 1(b), 609.345, subd. 1(b), do not impose strict liability, but instead require proof beyond a reasonable doubt that the actor had a general intent to engage in sexual penetration or sexual contact with the complainant.[10]
*351 CONCLUSION
For the foregoing reasons, we affirm the decision of the court of appeals.
Affirmed.
THISSEN, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.

J.D. testified at trial that, before any sexual activity occurred, he told Holloway that he was only 14. Holloway denied that this conversation took place.

"Sexual penetration" is defined, in relevant part, as: "any of the following acts committed without the complainant's consent, except in those cases where consent is not a defense, whether or not emission of semen occurs: (1) sexual intercourse, cunnilingus, fellatio, or anal intercourse; or (2) any intrusion however slight into the genital or anal openings: (i) of the complainant's body by any part of the actor's body or any object used by the actor for this purpose." Minn. Stat. § 609.341, subd. 12 (2016).

"Sexual contact" is defined, in relevant part, as: "any of the following acts committed without the complainant's consent, except in those cases where consent is not a defense, and committed with sexual or aggressive intent: (i) the intentional touching by the actor of the complainant's intimate parts, or ... (iv) ... the touching of the clothing covering the immediate area of the intimate parts, or (v) the intentional touching with seminal fluid or sperm by the actor of the complainant's body or the clothing covering the complainant's body." Minn. Stat. § 609.341, subd. 11(a) (2016).

Holloway also raised a novel legal argument that a 2014 order from Hennepin County became "binding state law when Hennepin County failed to appeal," and that it was thus error for the Olmsted County district court not to follow that "binding" law. Because Holloway's attorney withdrew this issue at oral argument, we do not consider it here.

Holloway's argument that the mistake-of-age defense is an essential part of his right to present a complete defense is meritless. Because the State did not need to prove that Holloway had knowledge of J.D.'s age, a mistake-of-age defense does not rebut an element of the offense. See United States v. Malloy , 568 F.3d 166, 177 (4th Cir. 2009) ("Evidence of a particular type of defense-here, reasonable mistake of age-can be properly excluded by the court without infringing on the general right of a defendant to present a defense."); see also Egelhoff , 518 U.S. at 42, 116 S.Ct. 2013 ("[T]he proposition that the Due Process Clause guarantees the right to introduce all relevant evidence is simply indefensible.").

Actors who engage in sexual penetration in violation of Minn. Stat. § 609.344, subd. 1(b), and are more than 48 months older than the complainant are subject to a maximum penalty of 15 years imprisonment, a $30,000 fine, or both. Id. , subd. 2(1). For actors who are between 24 and 48 months older than the complainant, the maximum penalty is 5 years imprisonment, a $30,000 fine, or both. Id. , subd. 2(2).
Actors who engage in sexual contact in violation of Minn. Stat. § 609.345, subd. 1(b), and are more than 48 months older than the complainant are subject to a maximum penalty of 10 years imprisonment, a $20,000 fine, or both. Id. , subd. 2.

Under the federal constitution, the rational basis test is satisfied if "the classification drawn by the statute is rationally related to a legitimate state interest." City of Cleburne v. Cleburne Living Ctr. , 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). The key difference between the federal and state tests is that, under the state constitution, we are "unwilling to hypothesize a rational basis to justify a classification," and instead require "a reasonable connection between the actual ... effect of the challenged classification and the statutory goals." Russell , 477 N.W.2d at 889.

See Hearing on S.F. 1144, S. Jud. Comm., 85th Minn. Leg., April 13, 2007 (audio recording) (part 2).

The defense is not available at all when the complainant is a child under the age of 13. See Minn. Stat. §§ 609.342, subd. 1(a), 609.343, subd. 1(a) (2016).

Holloway also argues that the jury instructions lacked an instruction on intent, and thereby "constituted plain error mandating reversal." But the jury instructions did contain an instruction on intent, accurately stating that "criminal intent does not require proof of knowledge of the age of a minor." Further, the instructions on criminal sexual conduct in the third and fourth degree included, respectively, proof that "the defendant intentionally engaged in sexual penetration" and that "the defendant's act was committed with sexual or aggressive intent."